JAMES A. FARRELL vs. SIDNEY E. HAWLEY, SHERIFF.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under the Revised Statutes of the United States, § 5278, relating to extradition, no hearing before the Governor to whom the requisition is addressed, and no notice to the person charged with crime, is required as a preliminary to the issue of a warrant for his arrest and surrender.

Before its issue, however, the Governor should be satisfied that probable cause exists for believing that the accused is a fugitive from justice, and therefore that he was in the demanding State at the time of the commission of the crime charged; but oral testimony is not essential, and any mode of proof which he deems satisfactory and convincing, and which has a reasonable tendency to establish such probable cause, fulfills all the requirements of law.

The finding of the Governor in extradition cases is not always and necessarily final upon *habeas corpus* proceedings. To set it aside, however, it must be shown by conclusive proof, not only that the petitioner was not within the demanding State at the date of the commission of the crime charged, but that there was no evidence to the contrary before the Governor, or at least none worthy of serious consideration.

Presumptively he had such evidence, and therefore an allegation by the petitioner in his reply, to the effect that he was not in the de-

Farrell *v.* Hawley, Sheriff.

manding State when the alleged crime was committed, is demurrable unless it also asserts that the Governor had before him no competent evidence to the contrary.

Whether the trial court has power in *habeas corpus* proceedings and pending an appeal to this court to admit the petitioner to bail, *quære*.

If such power exists, the question of its exercise is a matter of judicial discretion.

Whether an appeal to this court from the refusal of the trial court, after judgment, to admit the petitioner to bail, is the proper remedy, *quære.*

Argued June 16th—decided July 5th, 1905.

WRIT of *habeas corpus* issued against the sheriff of Fairfield County from the Court of Common Pleas for that county. His return showed that the plaintiff was held under a warrant from the Governor of Connecticut, directing his arrest as a fugitive from justice, in response to an executive requisition from the Governor of New York, and delivery to an agent of that State. The crime for which he was there charged was rape in the second degree. His reply, to which there was a demurrer, was that he was neither physically nor constructively present in the State of New York at the time of the alleged rape, and that no legal hearing or other judicial proceeding to ascertain whether he was a fugitive from justice was had before the Governor of Connecticut, or before any person or court competent to hear and determine such question, prior to the issue of the warrant. The demurrer was sustained (*Curtis, J.*), the prisoner remanded and bail refused, from which action this appeal was taken. *No error.*

*Jeremiah D. Toomey, Jr.*, and *Frederic A. Bartlett*, for the appellant (plaintiff).

*William B. Boardman*, for the appellee (defendant).

BALDWIN, J. By the Revised Statutes of the United States, § 5278, whenever the executive authority of any State demands any person, as a fugitive from justice, of the

executive authority of any other State to which such person has fled, and produces a copy of an indictment found, or an affidavit made before a magistrate, charging the person demanded with having committed a crime, which copy is certified as authentic by the Governor of the State from whence the person so charged has fled, it shall be the duty of the executive authority of the State to which such person has fled to cause him to be arrested and delivered to the agent who may be appointed to receive him by the authorities of the demanding State.

Under this statute, no hearing before the Governor to whom the requisition is addressed, had on notice to the person charged with crime, is required as a preliminary to the issue of a warrant for his arrest and surrender. *Munsey* v. *Clough,* 196 U. S. 364, 372. The Governor, however, should before issuing it be satisfied that there is probable cause to believe that, at the time when it is charged that the crime was committed, such person was within the State from which the requisition proceeds. *Hyatt* v. *People ex rel. Corkran,* 188 U. S. 691, 709.

The warrant issued by the Governor of this State, after stating that the Governor of New York has represented to him that the plaintiff, having been charged with rape committed in that State, has fled from justice into this State, contains these recitals: "And whereas, the said representation and demand is accompanied by properly attested copies of the proceedings in said State of New York, against the said James Farrell, and with the proper affidavits of witnesses, whereby the said James Farrell is charged with the said crime and with having fled from said State, and taken refuge in the State of Connecticut, which said proceedings are certified by the said Governor of New York, to be duly authenticated; and, whereas, I find that said demand is conformable to law and ought to be complied with."

General Statutes, § 1566, provides that, when a demand of this nature is made upon the Governor, he may request any prosecuting officer to investigate the ground for it "and report to him the situation and circumstances of the person

so demanded, and whether he ought to be surrendered; and if the governor shall find that such demand is conformable to law, and ought to be complied with, he shall issue his warrant " for the arrest and surrender. By § 1567, no person arrested on such a warrant is to be surrendered until he has been informed of the demand made for it and of the crime charged, and has had an opportunity to apply for a writ of *habeas corpus.*

Upon such a writ he will be entitled to a discharge, if the Governor had no jurisdiction to direct his arrest or surrender. There would be no jurisdiction if the person whose surrender was asked were not a fugitive from justice; and he could not be such a fugitive, unless he was in the State from which the demand comes when it is charged that the crime was committed. Although absent at that time he might be prosecuted there, under certain circumstances, if he were afterwards found within its territory. *State* v. *Grady,* 34 Conn. 118. But he could not lawfully be surrendered for trial there, on an executive requisition.

The recitals in the Governor's warrant, which is set up in the return in the present action, state that the Governor of New York had represented to him that the plaintiff had fled from New York to Connecticut to escape arrest on a criminal prosecution; that affidavits were presented in support of this representation; and that upon this showing he came to the conclusion that the requisition made upon him was conformable to law and ought to be complied with. It was not necessary that he should require the production of oral testimony. He was not exercising a judicial, but an executive function. He was not conducting a contested, but an *ex parte* proceeding. Any mode of proof which to him might be satisfactory in kind and convincing in effect, and that had a reasonable tendency to establish the fact of a fleeing from justice, fulfilled all the requirements of law. *Roberts* v. *Reilly,* 116 U. S. 80, 95.

On the face of the pleadings it would appear that the ordinary procedure upon executive requisitions was followed. The averment that there was no legal hearing before the

Governor implied that there was some kind of hearing before him, and was of no avail on demurrer, without a statement of the facts which rendered it not legal. That it was not a judicial one was immaterial. The Governor was a competent person, and the only competent person, to hear and determine the matter (either with or without the aid of a prosecuting officer), prior to the issue of the warrant of arrest.

The averment that the plaintiff was neither physically nor constructively present in the State of New York at the time when it was charged that the rape was committed, sets up what might be a good defense if offered on his trial to the jury for the crime of which he stands accused, but is without force in this proceeding, in view of the admission that the Governor has found probable cause for believing it to be untrue. Such an admission necessarily results from the undisputed fact that there was some kind of a hearing before the Governor which satisfied him that a warrant should be issued. Neither by the Governor nor by the Court of Common Pleas could it be finally adjudicated, for the purposes of determining his guilt or innocence, whether the plaintiff was in New York at the time in question. If any fair ground on which reasonable men could conclude that he was, had been shown, it was the duty of the Governor to order his surrender, and of the courts, on a writ of *habeas corpus,* to remand him to the custody of the officer having him in charge.

That such a ground was shown before the Governor is to be presumed, in the absence of an averment to the contrary. The demurrer admitted nothing which was not well pleaded and material in the reply. The allegation that the plaintiff was not in New York when the rape was committed was immaterial, because pleaded in connection with what amounted to an admission that the Governor, after a hearing, had found that he was there then.

If the plaintiff had desired to show that in fact no competent evidence that he was a fugitive from justice was before the Governor, he should have set this up in his reply.

The finding of the Governor in extradition cases is not always and necessarily final. That now in question could have been pronounced insufficient to support an arrest under the warrant, upon conclusive proof before the courts in this proceeding, first, that the plaintiff was not within the State of New York at the date when it was charged that the crime was committed, and, second, that there was no evidence to the contrary, or none worth serious consideration, before the Governor. *Munsey* v. *Clough,* 196 U. S. 364, 374. In the reply to the return it was averred that the plaintiff was neither actually nor constructively within the State of New York at the time in question, but there was no allegation that the Governor acted without evidence worthy of serious consideration, to establish the contrary. The presumption is that he acted on such evidence, and this presumption not having been met by anything in the plaintiff's pleading, the demurrer was properly sustained. *Munsey* v. *Clough,* 196 U. S. 364, 372, 375.

It is assigned for error that the Court of Common Pleas, after remanding the plaintiff to the custody of the sheriff by the judgment appealed from, refused to admit him to bail. As to this the trial court ruled that it had power, at common law, to accept bail, pending the appeal to this court, but in the exercise of its discretion refused to accept it. Assuming, without deciding, that it was right in the first ruling, of which the plaintiff does not complain, it was clearly right in holding that whether the power should be exercised was a matter of judicial discretion. We see nothing in the record to indicate that this discretion was not well exercised.

No question has been made as to our power to entertain this reason of appeal. We therefore do not think it necessary to inquire whether for such a cause of complaint, arising after judgment, the remedy pursued was in form the proper one, inasmuch as, had the plaintiff suffered an injustice, the only mode of relief was to ask it from us, or one of us. *State* v. *Hunter,* 73 Conn. 435, 444.

There is no error.

In this opinion the other judges concurred.