(139 App. Div. 471.)

### PEOPLE ex rel. MEEKER v. BAKER, Police Com'r.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

HABEAS CORPUS (§ 113\*)—APPEAL FROM DISMISSAL OF WRIT—EXTRADITION—STAY—BAIL PENDING APPEAL.

A fugitive from justice from a sister state, who is entitled to appeal from an order dismissing a writ of habeas corpus for his discharge, and directing his surrender into the custody of an agent of the sister state pursuant to the rendition warrant issued by the Governor of the state, and who in good faith takes an appeal, is entitled to a stay of proceedings pending the appeal and he must, pending the appeal, be admitted to bail, where the offense charged is bailable, since Code Civ. Proc. §§ 2058, 2060, authorizing an appeal from an order refusing a writ of habeas corpus and permitting the prisoner to give bail pending an appeal where the offense charged is bailable, are applicable.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 110; Dec. Dig. § 113.\*]

Scott, J., dissenting in part.

Habeas corpus by the People of the State of New York, on the relation of Charles M. Meeker, against William F. Baker, as Police Commissioner of the City of New York. On motion to stay proceedings on the dismissal of the writ and for the admission of the relator to bail. Granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Rollin M. Morgan, for relator.

Robert C. Taylor, for respondent.

PER CURIAM. The relator applies for a stay of proceedings and for his admission to bail pending an appeal from an order of the Special Term dismissing a writ of habeas corpus remanding the relator to the custody of the police commissioner and directing the latter to deliver him into the custody of the agent of the state of Texas, pursuant to a rendition warrant issued by the Governor of this state.

The relator contends that the indictment does not charge the commission of a crime, and that he is not a fugitive from justice, within the meaning of the law, so as to justify extradition. Without passing upon the merits, we think a question is presented which fairly justifies the appeal, and it appears to be taken in good faith. The sole question is, then, whether a stay should be granted, and whether the relator should be admitted to bail. Without a stay, the appeal will be ineffectual. While the decisions in all jurisdictions do not appear to be uniform, they have usually turned upon the construction of the Constitution and laws of the state in which the question arose. It appears from the statement of facts in Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544, that the relator in that case was admitted to bail by the Circuit Court of the United States for the Southern District of Georgia, and it was held by the court that the provisions of the Revised Statutes of the United States relating to.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeals in cases of habeas corpus were applicable. In People ex rel. Cockran v. Hyatt, 172 N. Y. 176, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706, it was held that the question of fact whether the prisoner was a fugitive from justice could be inquired into on habeas corpus proceedings, and that such proceedings were controlled by the Constitution and laws of the state of New York. Section 2015 et seq. of the Code of Civil Procedure are, therefore, applicable. Section 2058 provides when an appeal may be taken. Section 2060 provides:

"Where a prisoner, who stands charged, upon a criminal accusation, with a bailable offense, has perfected, or intends to take, an appeal from a final order dismissing the proceedings, remanding him, or otherwise refusing to discharge him, made as prescribed in this article, the court or judge, upon his application, either before or after the final order, must, upon such notice to the district attorney as the court or judge thinks proper, make an order fixing the sum in which the applicant shall be admitted to bail, pending the appeal; and thereupon, when his appeal is perfected, he must be admitted to bail accordingly."

No question is made but that the offense charged is bailable. If the section authorizing an appeal is applicable, the one requiring that the relator be admitted to bail must equally be applicable, and upon that point we consider the decision in People ex rel. Cockran v. Hyatt, supra, controlling.

The motion for a stay is granted, and bail is fixed in the sum of $10,000.

SCOTT, J., while concurring in the granting of the stay, does not concur in admitting the relator to bail.