Winnick *v.* Reilly.

---

SAMUEL WINNICK *vs.* THOMAS L. REILLY, SHERIFF.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

After extradition proceedings had been instituted, based upon an alleged violation of a statute of New Jersey (Chap. 241 of the Session Laws of 1912), and the accused had been arrested in this State upon a warrant of the Governor, on the demand of the Governor of New Jersey, a writ of *habeas corpus* was applied for in his behalf (§ 6033), and was issued by, returnable to, and tried by the Court of Common Pleas in New Haven County, to determine the legality of his arrest and detention; the trial court dismissed the writ and remanded the accused to the custody of the sheriff, from which judgment he appealed, as also from the refusal of the court, because of its supposed lack of power, to admit him to bail pending the appeal. Before the appeal was heard, the accused also applied directly to this court to be admitted to bail. *Held:*—

1. That the crime defined by the New Jersey statute, and charged in the indictment made part of the extradition proceedings, was that of knowingly making or causing to be made a false statement in writing respecting the financial condition or means or ability of the maker to pay, or of any other person, firm, or corporation in which he was interested or for whom he was acting, with intent that it should be relied upon, for the purpose of procuring personal

property, money or credit; that the statute did not define, nor did the indictment charge, the crime of having obtained personal property by false representations, but only the crime of having attempted to do this.

2. That this court has a supreme and final jurisdiction in reviewing the principles of law adopted by the trial courts in the trial of causes, and, therefore, the resulting power to review rulings and decisions in all matters of law not committed to their sole discretion or jurisdiction.

3. That the Court of Common Pleas had the power, in the exercise of its discretion, to admit the prisoner to bail pending the appeal from its decision dismissing the writ.

4. That an appeal to this court from the exercise of such discretion, would be sustained only in case the discretion appeared to have been exercised in so unreasonable a manner as to constitute an abuse thereof.

5. That the only question respecting bail which was presented by the appeal, was the power of the Court of Common Pleas to allow it, and hence was reviewable here.

Argued January 23d—decided January 29th, 1924.

WRIT OF HABEAS CORPUS to determine the legality of the arrest and detention of one Jacob Hershman, under a warrant of extradition issued by the Governor of this State upon the demand of the Governor of New Jersey, returnable to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered dismissing the writ and remanding said Hershman to the custody of the respondent sheriff, from which the petitioner appealed. *No error.*

Pending such appeal to the Supreme Court of Errors, the said Hershman moved to be admitted to bail, but the trial court, being of the opinion that it had no power to admit to bail, denied the motion. *Error as to the power of the court to admit to bail.*

On January 3d, 1924, Jacob Hershman of New Haven was taken into custody by Thomas L. Reilly, sheriff of the County of New Haven, under and pursuant to an executive warrant issued by the Governor

of this State upon demand of the Governor of New Jersey. The requisition proceedings by the Governor of the State of New Jersey were unquestioned except in the particular hereinafter stated. The indictment, made a part of the requisition proceedings, sets forth the commission by the said Jacob Hershman of an offense within the jurisdiction of the State of New Jersey, viz: that Hershman, on January 11th, 1923, in the City of Newark, being an officer and stockholder of the Connecticut Wrecking Company, a corporation, and interested therein, did then and there knowingly make a certain false statement in writing with intent that it should be relied upon, respecting the financial condition, means and ability of the corporation to pay, for the purpose of procuring the delivery of personal property, to wit, lumber, the making of credit and the extension of credit for the benefit of the corporation; and thereafter sets forth the details of the false statement.

Hershman, by his counsel, claimed that the indictment failed to set forth the commission of any crime by him under the laws of New Jersey, because the indictment did not state that the alleged false statements were in fact relied upon by anyone, or resulted in the parting by any person, firm or corporation, with any property, assets, credits or other property mentioned in the Act.

The trial court reached the following conclusions: (1) That § 1 of Chapter 241 of the Laws of New Jersey, Session of 1912, charged a distinct offense, and that the indictment duly charged the said Jacob Hershman with the commission of an offense under this Act; (2) that the writ of *habeas corpus* should be dismissed, and the prisoner remanded to the custody of the defendant.

Immediately following the court's decision, the

prisoner, through his counsel, moved that he be admitted to bail pending the appeal from the court's decision to the Supreme Court of Errors. The Court of Common Pleas, being of opinion that it had no power to admit to bail pending such appeal, denied the motion.

*Benjamin Slade* and *Charles A. Harrison,* for the appellant (petitioner).

*Walter M. Pickett,* for the appellee (respondent).

WHEELER, C. J.  The first question raised by the appeal is as to whether the indictment substantially charges Hershman with a crime under the laws of New Jersey.  Charging such crime substantially in the indictment is sufficient, as the counsel for Hershman concedes. *Ross* v. *Crofutt,* 84 Conn. 370, 373, 80 Atl. 90.  The attack upon the indictment is based upon its failure to allege that anyone, in reliance upon the alleged false statement, parted with any property of the character specified in Chapter 241 of the Laws of New Jersey, Session of 1912, and its further failure to identify any particular property, the time when it was parted with, or its receipt by anyone.  The indictment is based upon § 1 of this Act, which reads as follows:  "I. (1) Any person who shall knowingly make or cause to be made, either directly or indirectly, or through any agency whatsoever, any false statement in writing, with the intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself, or any other person, firm or corporation, in whom he is interested, or for whom he is acting, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, the making of a loan or credit,

Winnick *v*. Reilly.

the extension of a credit, the discount of an account receivable, or the making, acceptance, discount, sale or endorsement of a bill of exchange, or promissory note, for the benefit of either himself or of such person, firm or corporation," shall be guilty of a misdemeanor. Comparing the indictment, which is given in the statement, with the terms of § 1 of this Act, we find it to follow almost literally the essentials of the section. We also find that § 1 of this Act does not require that anyone should part with any property in reliance upon false statements, nor that any property parted with should be identified, nor that the time any property was parted with, nor that the person receiving such property should be specified. The crime defined by § 1 is the knowingly making or causing to be made by one, a false statement in writing respecting the financial condition or means or ability to pay, of himself or any other person, firm or corporation in which he is interested or for whom he is acting, with intent that it be relied upon, and for the purpose of procuring personal property, money or credit, etc. It does not purport to define the crime of obtaining property by false statement, but the crime of attempting to do this.

The plaintiff relies upon the decisions of *State* v. *Tomlin*, 29 N. J. L. 13, and *State* v. *Appleby*, 63 N. J. L. 526, 42 Atl. 847, which hold that an indictment for obtaining property by false pretenses must show that the accused, by false representations, caused the owner to part with his property. In 2 Compiled Statutes of New Jersey, page 1800, §§ 186 and 186a, we find defined the crimes of obtaining property by false pretenses. Section 186, enacted in 1898, defines the crime of "Obtaining money or property by false token." Section 186a, enacted in 1906, defines the crime of "Obtaining money or property by false representa-

tions as to solvency." The decisions cited have application to the crime defined in § 186. A later case relating to the same section is *State* v. *Samaha*, 92 N. J. L. 125, 104 Atl. 305. Sections 186 and 186a define crimes for obtaining personal property by false token or false representation. Chapter 241 of the Laws of 1912, covers an entirely different crime, to wit, the crime of attempting to defraud by means of false representations as to the financial condition, or means or ability to pay of the representor as to himself, or another, or a firm or corporation in which he is interested, or for which he is acting.

The trial court was obviously correct in holding that the indictment attached to the extradition proceedings did substantially charge a crime under Chapter 241, § 1, of the Laws of New Jersey, Session of 1912, and in dismissing the writ of *habeas corpus.*

The second question presented by the appeal is the action of the trial court in denying Hershman's motion that he be admitted to bail pending the appeal, upon the ground that the trial court had no power to admit to bail pending such appeal. The sustaining of the dismissal of the writ may have made it unnecessary upon this appeal to pass upon this ruling, but the public importance of the question involved makes it desirable that we decide the point. The appeal upon this point is by the plaintiff, Winnick, in behalf of Hershman, who prayed out the writ of *habeas corpus* under General Statutes, § 6033. The record discloses that the motion was made by the counsel for Hershman after the writ had been dismissed. We shall assume that the motion was also made by the plaintiff, who takes this appeal, and that this fact was inadvertently omitted in making up the appeal. Hershman has also brought his application directly to this court, praying that we review the action of the Court

of Common Pleas and admit him to bail. If we have this power of review it could be exercised upon his direct application, although the matter was not properly in the appeal because the plaintiff appellant had not, upon the record, participated in the making of this motion. This court has a supreme and final jurisdiction in determining in the last resort the principles of law in the trial of causes; *Styles* v. *Tyler,* 64 Conn. 432, 450, 30 Atl. 165; and therefore we have the right to review the rulings and decisions of the Court of Common Pleas of New Haven County in all matters of law not committed to its sole discretion or jurisdiction. The denial of the motion for bail does not bring up the unreasonableness of the court's exercise of its discretion, but the question of the power of the Court of Common Pleas to admit to bail a prisoner pending the appeal from the dismissal of the writ of *habeas corpus.* "The power to admit to bail after conviction is not a statutory but a common-law power; the constitutional provision does not apply; bail is then a matter of absolute discretion, to be exercised by the court, however, with great caution, and rarely to be allowed when the crime is serious. But the *power* to admit to bail is inherent in the court so long as the prisoner is in its custody; that is, until he is taken in execution. . . . But it necessarily follows . . . that where, as in this State, a review of the judgment by a Court of Errors is a matter of right, there must be power in the courts to stay execution and, if the special circumstances of the case justify it, to admit to bail." *State* v. *Vaughan,* 71 Conn. 457, 460, 42 Atl. 640.

Provision is made by General Statutes, § 6706, for the release on bail of a fugitive from justice apprehended in this State, pending the institution and consummation of requisition proceedings. Provision is also made by General Statutes, § 6702, that the de-

mand by the Governor of another State shall not be complied with by the delivery of the fugitive from its justice until he has had an opportunity to apply for a writ of *habeas corpus.* Such a provision is an express recognition under our law of the right of the fugitive to have his cause finally determined by this court. And such right exists in the constitution of the court apart from this statute. If the right to bail after the determination of the *habeas corpus* proceeding in the trial court did not exist, the right of appeal would be destroyed or seriously hampered, for the period of the pendency and determination of the appeal by this court might be considerable, and in the event of the taking out of a writ of error to the United States Supreme Court, it would be still longer. The ground upon which the denial of the right to bail is usually based, and the ground of greatest weight, is the liability that the Governor will be unable to meet his constitutional obligation of surrendering the fugitive upon the termination of the appeal. We have duly weighed this possibility in the scales, with the probability that the fugitive from justice would be denied his right of appeal from a final judgment, which this court by its very constitution and its repeated adjudication is bound to accord to every party to every cause brought to our courts, unless otherwise provided by statute. We have also weighed these considerations in the scales together with the consideration that the Governor's warrant in the *habeas corpus* proceeding would be protected before the trial court by the State's Attorney's office in the county in which the writ was prayed out, and with the further consideration that the decision of whether to admit the appellant fugitive to bail is, as in all cases of bail, a matter within the sound discretion of the trial court, and that from such decision an appeal to this court will be sus-

tained only in the event that it appears that the trial court has exercised its discretion in so unreasonable a manner as to constitute an abuse of discretion. *Hayward* v. *Plant,* 98 Conn. 374, 382, 119 Atl. 341.

Under our practice bail has in some instances been granted and in others denied. While no settled practice has grown up, we know of no instance when the fugitive from justice was not ready for surrender when bail had been allowed pending the appeal. *Drinkall* v. *Spiegel,* 68 Conn. 441, 36 Atl. 830. The question has remained undetermined in this State. In *Farrell* v. *Hawley,* 78 Conn. 150, 155, 61 Atl. 502, the Court of Common Pleas had ruled that it had the power to admit to bail pending the appeal to this court, but in the exercise of its discretion refused to accept it. Concerning these rulings we say: "Assuming, without deciding, that it was right in the first ruling, of which the plaintiff does not complain, it was clearly right in holding that whether the power should be exercised was a matter of judicial discretion. We see nothing in the record to indicate that this discretion was not well exercised. No question has been made as to our power to entertain this reason of appeal. We therefore do not think it necessary to inquire whether for such a cause of complaint, arising after judgment, the remedy pursued was in form the proper one, inasmuch as, had the plaintiff suffered an injustice, the only mode of relief was to ask it from us, or one of us." Thus in that case we do not pass upon the question of power, but of discretion. But if the trial court had no power to accept bail, it had, as it now seems to us, no power to consider the question of bail, whether acting within its discretion or not. Further consideration has satisfied us that such a power should be within the reasonable discretion of the trial court. The authorities, certainly in number, in this

country, deny that such power exists under the common law. We have examined these cases (of which *In re Thompson,* 85 N. J. Eq. 221, 262, 266, 96 Atl. 102, is a good example) and the ground upon which they rest, to which we have before referred, and reached the conclusion that to fully accord to the fugitive his appeal from the dismissal of the writ of *habeas corpus,* the power to admit him to bail pending the appeal should exist, and that as justice is administered in our courts there is no reasonable probability that the exercise by the trial court of the right to admit a fugitive to bail pending the appeal will imperil the performance by the Governor of his obligation under the Constitution to surrender the fugitive upon the proper demand of the Governor of another State.

The United States Supreme Court reached a like conclusion, in a case involving an international extradition, when it said: "We are unwilling to hold that the Circuit Courts possess no power in respect to admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief. Nor are we called upon to do so as we are clearly of opinion, on this record, that no error was committed in refusing to admit to bail, and that, although the refusal was put on the ground of want of power, the final order ought not to be disturbed." *Wright* v. *Henkel,* 190 U. S. 40, 63, 23 Sup. Ct. 781. See also *Mozorosky* v. *Hurlburt,* 106 Ore. 274, 198 Pac. 556, 211 id. 893; note, L. R. A. 1915E, 340; *Ex parte Hart,* 11 C. C. A. 165, 176, 63 Fed. 249, 261.

The right of appeal to this court from the order of the Court of Common Pleas refusing to admit to bail carries with it the right to have the order reviewed by this court upon direct application made to it, otherwise

the right to move for bail must await the determination of the appeal, which might make the right to be admitted to bail valueless to the fugitive.

If bail had been allowed in this case it would have been limited to the pendency of the appeal, and hence the disposition of the motion in the trial court becomes of no practical importance unless our ruling upon the merits is to be reviewed by the United States Supreme Court.

There is no error except as to the ruling that the Court of Common Pleas was without power to admit Hershman to bail.

In this opinion the other judges concurred.