DAN MORGAN ET AL. V. THE STATE.

No. 10794. Delivered May 25, 1927.

Rehearing denied June 22, 1927.

**1.—Forfeiture of Bail Bond—Writ of Error.**

This case is a writ of error appealing from a judgment of the District Court, of Bexar County against plaintiff in error upon a forfeiture of an appearance bond of appellant Morgan, in the District Court of Bexar County.

**2.—Same—Bail Bond—Of Fugitive From Justice—Held Sufficient.**

Where plaintiff in error, who was charged with being a fugitive from justice in a justice court of Bexar County, sued out a writ of habeas corpus in the district court, and was granted bail in the sum of $4,000.00 pending the hearing of the habeas corpus, the bond reciting that plaintiff in error was charged with being a fugitive from justice, was sufficient. See Chap. 5, Art. 144 C. C. P.

**3.—Same—Continued.**

Under this Art. 144, supra, the district court would have a right to grant bail, pending a hearing on habeas corpus, but after the disposal of the case by the district court, then the accused would not be entitled to bail. Distinguishing Erwin v. State, 7 Tex. Crim. App. 289 and Hobbs v. State, 22 S. W. 1035.

**4.—Same—Judgment Nisi—Not Dated—Error Not Fatal.**

Where a judgment nisi is not dated, but recites the date of the bond forfeited, a failure to show the date the judgment nisi was taken, is not reversible error. It is better practice, however, to state the date. See Art. 425 C. C. P.

ON REHEARING.

**5.—Same—No Error Disclosed.**

On rehearing plaintiff in error presents only the questions passed upon in the original opinion. Our judgment being that the conclusions reached in the original opinion were correct, the motion for a rehearing is overruled.

Writ of error from the District Court of Bexar County from Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

The opinion states the case.

*Leonard Brown* of San Antonio, for plaintiffs in error.

*C. M. Chambers,* District Attorney, *Temple Calhoun,* assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for defendant in error.

BAKER, JUDGE.—This is a writ of error by plaintiff in error William Dellerman, as surety, on a forfeited bail bond of one Dan Morgan, as principal, from the District Court of the 94th Judicial District of Texas. The record discloses that Dan Morgan, alias R. P. Walsh, was charged by complaint in the justice court of Precinct No. 1, Bexar County, with being a fugitive from justice and an escaped convict from the Indiana state reformatory, where he was serving a sentence of from 10 to 21 years; that he sued out a writ of habeas corpus before a district judge of Bexar County; and that the judge, pending the hearing on said writ, granted him bail in the sum of $4,000.00 conditioned that he make his personal appearance before the District Court of the 94th Judicial District on the 25th day of January, 1926, and there remain from day to day pending a hearing thereon. It appears that when said cause was called for trial, Morgan failed to appear and judgment nisi in the sum of $4,000.00 was entered in the district court against him and his sureties on the bail bond, which judgment was made final on June 29, 1926. The plaintiff in error, William Dellerman, then sued out his writ of error to this court.

There are two bills of exceptions in the record.

In bill No. 1 complaint is made to the action of the court in permitting the state to introduce the bail bond in evidence; first, because said bond was void in that it failed to show that the defendant was charged with a felony; second, because it appeared from said bond that it was not such a bond as was authorized by law; third, because it did not appear in what district court the habeas corpus hearing was had; and fourth, there was a variance between said bond and the judgment nisi. As we understand this bill, it is the contention of the plaintiff in error that the bond, in failing to state whether the charge against defendant was a misdemeanor or a felony, was void, and that the trial court, in this kind of a proceeding, where the accused was charged with being a fugitive from justice, was without authority to grant bail pending a habeas corpus hearing. We are not in accord with any of the contentions made in this bill. It is apparent from the record and the bond that the accused, Dan Morgan, was not being held to answer either a misdemeanor or a felony charge, but that he was charged by complaint in the justice court

with being a fugitive from justice, and the bond made pending his writ for discharge on habeas corpus properly defined the charge filed against him in said court and was, we think, clearly sufficient. Ch. 7, Art. 144, C. C. P., on habeas corpus, specially provides, in part:

"The safekeeping of the prisoner, pending the examination or hearing, is entirely under the direction and authority of the judge or court issuing the writ, or to which the return is made. He may be bailed from day to day or be remanded to the same jail whence he came, or to any other place of safekeeping under the control of the judge or court, till the case is finally determined."

This article is sufficient authority for the action of the district judge in granting bail to Morgan pending the application for writ of habeas corpus.

The plaintiff in error, in support of his contention, cites Ex parte Erwin, 7 Tex. Crim. App. 289, and Hobbs v. State, 22 S. W. 1035. In the Erwin case, this court, in citing the article, supra, states:

"A new provision in our Code of Criminal Procedure authorizes a prisoner to be bailed from day to day pending a hearing on habeas corpus, in the discretion of the judge presiding at such hearing; but after a disposal of the case by him, this discretion no longer exists."

It was evidently the intention of the court to give full faith and credit to the article, supra, and to announce the doctrine that the district court would have a right to grant bail pending such a hearing on habeas corpus, but that after a disposal of the case by the district court, then the accused would not be entitled to such bail. This decision in no manner questions the authority of the district judge to grant bail pending the hearing on the writ of habeas corpus, as in the instant case. In the Hobbs case, supra, the Erwin case is cited with approval, but in the Hobbs case the relator was held under an executive warrant issued by the governor of this state on a requisition from the governor of Tennessee, and the facts were not at all similar to those in the instant case. The trial court committed no error in admitting in evidence the bond in question.

Bill of exception No. 2 complains of the action of the trial court in permitting the state to introduce in evidence the judgment nisi, the objection being that said judgment, at the top and beginning, was dated as follows:

"_____ A. D. 192." Plaintiff in error contends that by reason of the above purported date, said judgment nisi

was entered "during the year 192 A. D., long before the bond was executed," and that it does not appear from said judgment that same was taken after the date named in the bond for the appearance of the principal. We are not in accord with this contention. This judgment nisi, in the body thereof, states the date on which the bond was entered into by the principal and sureties and properly describes the conditions of said bond. The beginning of said judgment is as follows:

"This day this cause was called for trial, and thereupon came the State of Texas by her District Attorney, but the defendant, Dan Morgan, alias R. P. Walsh, failed to appear and answer," etc.

We think the failure to state the date of the judgment nisi, except as being "_____ A. D. 192," does not of itself render said judgment invalid. Art. 425, C. C. P., does not require that the judgment nisi show the date on which it was taken, and a failure to show such date is not, in our opinion, reversible error. However, we think the better practice would be to state the date. After a careful examination of this bill, we are of the opinion that the court committed no error in admitting the judgment nisi in evidence.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BAKER, JUDGE.—In his motion for rehearing plaintiff in error discusses at length the same questions originally raised by him in his brief and discussed by us in our former opinion. We have again carefully reviewed all of the issues raised in said motion, and are still of the opinion that we were correct in the conclusions reached in our original opinion.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.