## IN THE MATTER OF MORRIS HARRIS
### (Alias William M. Harris)

Superior Court      New Haven County

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Thomas FitzSimmons,                 Attorney for the Petitioner.

Samuel E. Hoyt,                 Attorney for the Respondent.

**MEMORANDUM FILED MARCH 2, 1937.**

O'SULLIVAN, J. On February 18th, 1937, a writ of habeas corpus was issued requiring the respondent to present the petitioner before the undersigned that inquiry might be made as to the latter's claim, supported by verification, that he was held in imprisonment without law or right.

The return of the respondent showed that the petitioner was held under a precept from the Governor of Connecticut, directing his arrest as a fugitive from justice in response to a demand from the Governor of New Jersey in pursuance of the Constitution of the United States, and his delivery to an agent of that state. Through the petitioner's answer to the return and the reply thereto, the sole issue is whether or not the petitioner is a fugitive from justice.

The scope of a hearing of this type is quite limited, but the issue formulated by the pleadings is within the power of the undersigned to hear and determine.

The warrant of the Governor is prima facie evidence of the regularity of its issuance. **Davis' Case, 122 Mass. 324.** And it is sufficient to hold the accused, until presumption in its favor is overthrown by contrary proof. **Ross vs. Crofutt, 84 Conn. 370.** The finding of the Governor in extradition cases is not always and necessarily final upon habeas corpus proceedings. To set it aside, however, it must be shown by conclusive proof, not only that the petitioner was not within the

demanding state at the time of the crime charged, but that there was no evidence to the contrary before the Governor, or at least none of serious consideration. **Farrell vs. Hawley, 78 Conn. 150.**

The evidence clearly and conclusively demonstrates that at the time of the commission of the crime in New Jersey the petitioner was in the City of New Haven. The crime has been set with definiteness as 7:30 P.M. on April 27th, 1932. At 5:30 in the afternoon, Sgt. Lenzie of the State Police Department and Detective Rappa of the New Haven police force were in the company of Harris in New Haven. To reach the township in New Jersey, where the young lady was assaulted, within two hours at a time when to cross the Hudson River it was necessary to take a ferry, is somewhat fanciful, and yet not incredible. Were this evidence of alibi the sole ground for the petition, manifestly the writ should be dismissed. But the additional and unimpeachable testimony of Police Officer Kerrigan makes impossible any other conclusion than that Harris was not in New Jersey at 7:30 P.M., for at 8:30 in the evening the officer spoke to him over the telephone by calling him at his home within the city.

I therefore find that the petitioner is not a fugitive from justice. Accordingly, with great deference, the warrant of His Excellency is set aside and the petitioner is dismissed from custody.

The attached papers and this order thereon are hereby certified to the office of the Clerk for appropriate action.