EX PARTE WILLIAM T. ANDERSON.

No. 19638. Delivered February 9, 1938.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Upon a requisition from the Governor of the State of Minnesota the Governor of this State issued an extradition warrant authorizing the return of relator to the de-

manding state upon a charge of uttering a forged instrument, which offense is punishable in said state by imprisonment in the penitentiary for not more than ten years. In habeas corpus proceedings before a district judge relator challenged the legality of the issuance of the extradition writ, and upon being remanded by the district judge gave notice of appeal to the Court of Criminal Appeals of the State of Texas, and requested the trial judge to fix the amount of bail upon giving which relator might be enlarged pending such appeal. The judge refused bail. Relator then presented an original application for the writ of habeas corpus to this court requesting that same be granted and that he be allowed bail, to be fixed by this court pending his appeal from the order remanding him in the extradition proceedings.

By Act of the 40th Legislature, page 66, Chap. 43, in 1927, which appears in Supplement to Vol. 3 of Vernon's Tex. Ann. C. C. P. as Art. 857a, it was provided as follows:

"In any habeas corpus proceeding in any court or before any judge in this State where the defendant is remanded to the custody of an officer and an appeal is taken to an Appellate Court, the defendant shall be allowed bail by the court or judge so remanding the defendant, except in capital cases where the proof is evident. The fact that such defendant is released on bail shall not be ground for a dismissal of the appeal except in capital cases where the proof is evident."

Relator contends that under the terms of the foregoing enactment he is entitled to bail pending his appeal.

The law of the United States regarding interstate extradition reads as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State of Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from

the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

Our own statute upon the subject (Art. 997, C. C. P., 1925) reads as follows:

"A person charged in any other State or territory of the United States with treason or any felony who shall flee from justice and be found in this State, shall on demand of the executive authority of the State or territory from which he fled, be delivered up, to be removed to the State or territory having jurisdiction of the crime."

The foregoing is almost the exact language of the Constitution of the United States. (Sec. 2, Art. 4.) It is the contention of the State that under the foregoing laws of the United States and of this State, as construed in Ex parte Erwin, 7 Texas Crim. App., 288, and Ex parte Hobbs, 32 Texas Crim. Rep., 312, 22 S. W., 1035, it should be held that the act of the 40th Legislature has no application in habeas corpus proceeding in extradition cases.

There is no doubt that the case of Ex parte Erwin (supra) would be controlling in the absence of Art. 857a, C. C. P., Acts 40th Legislature, but both Erwin's and Hobbs' cases (supra) were decided at a time when no law similar to the one enacted in 1927 was upon the statute books. The statements by Judge Clark in Erwin's case and by Chief Justice Fuller in Wright v. Henkel, 47, L. Ed., 948 (U. S. Sup. Ct.), as to the complications which might arise from admitting a person to bail pending appeal in habeas corpus cases arising from extradition proceedings are as true now as when written, and in the absence of a statute permitting bail in such cases would influence our opinion.

A rather exhaustive examination into the subject reveals that the rights of relator to bail under the circumstances here present seem to depend on the statutes of the various states. In those states having no statute permitting bail upon appeal in habeas corpus cases it has been quite uniformly held that bail should not be allowed where the party complaining was held upon extradition demand. In other states by statute bail is allowed upon appeal in habeas corpus cases except where the party has been remanded in extradition proceedings. But in those states having a statute similar to that passed by the 40th Legislature bail is allowed upon appeal even in extradition cases. The State of New York furnishes an example of conditions much like those in our own state. In the early case of

In re Clark (1832), 9 Wend. (N. Y.) 212, bail was denied pending appeal by one held on extradition warrant because the Legislature had not provided for bail pending appeal in habeas corpus matters, a situation like unto that when Erwin's case (supra) was decided by our own court. Later the Legislature of New York by a statute even more general than our own authorized bail pending appeal in habeas corpus proceedings, after which that law was applied and bail granted to one who had been remanded upon extradition demand. See People ex rel Meaker v. Baker (1910), 139 App. Div., 471, 124 N. Y. Supp., 47. For an interesting review of the subject see Note 3, page 1502, American Law Reports Ann., Vol. 63.

Our own Legislature not having excepted extradition cases from the operation of the statute passed in 1927 permitting bail upon appeal where one has been remanded upon habeas corpus hearing, we feel compelled to give it application in the present instance. The emergency clause in such enactment clearly shows that the Legislature had in mind and was attempting to remedy a situation then existing for it is recited in said clause as follows:

"The fact that under present laws very frequently a defendant must lie in jail for a long period of time while an appeal is taken to an appellate court from an order or judgment remanding the defendant to the custody of an officer and in many cases this is true where the offense is a minor one, creates an emergency and an imperative public necessity that the Constitutional rule requiring bills to be read on three several days in each House be suspended and said rule is hereby suspended and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

Whether it would have been more expedient if the Legislature had exempted from the operation of the statute those held under extradition warrant is a matter for the legislative branch of the government and not the courts.

We believe the trial judge fell into error in not granting and fixing bail for relator pending his appeal to this court. It is now the order of this court that his application for writ of habeas corpus to determine that matter be granted, that bail pending such appeal from the order of the court remanding him be fixed at two thousand dollars, said bond to be approved by the court having made said remanding order, and that relator be released upon approval of such bond.

*Application for writ of habeas corpus granted*
*and amount of bail fixed.*