**289 P.2d 945**

**Application of Willie HANEY For a Writ of Habeas Corpus to Obtain Bail.**

**No. 8364.**

Supreme Court of Idaho.

Nov. 15, 1955.

Vernon K. Smith, Boise, for petitioner.

Graydon W. Smith, Atty. Gen., T. J. Jones, III, Asst. Atty. Gen., Blaine F. Evans, Pros. Atty., Boise, for respondent.

**KEETON, Justice.**

Petitioner Willie Haney was taken into custody as a fugitive from justice from Washington by the sheriff of Ada County, July 27, 1955, on an executive warrant issued by the Governor. He is still confined in the Ada County jail. Subsequent to his arrest and imprisonment he filed a petition in the District Court, Ada County, for a writ of habeas corpus pursuant to Sec. 19–4510, I.C., in which petition he challenged the sufficiency and legality of the proceedings taken which resulted in his arrest and present confinement. He is charged in Washington with second degree burglary, alleged to have been committed on or about July 3, 1955.

At the conclusion of the District Court hearing before the Honorable Merlin S. Young, District Judge, petitioner was ordered remanded to the custody of the sheriff to be delivered and surrendered to an agent of the State of Washington pursuant to the Governor's warrant. From this order petitioner appealed to this Court and made application in the District Court for a certificate of probable cause and filed a motion to be admitted to bail pending appeal. The trial judge issued a certificate of probable cause and stayed further proceedings pending disposition on appeal, but denied bail on the ground that the trial court is without power to admit petitioner to bail pending appeal where the matter involves interstate extradition.

The petition for habeas corpus filed here is pursuant to Sec. 19–4218, I.C., which reads:

"When a person is imprisoned or detained in custody on any criminal charge, for want of bail, such person is entitled to a writ of habeas corpus for the purpose of giving bail, upon averring that fact in his petition, without alleging that he is illegally confined."

and is for the sole purpose of giving bail. The question now presented is whether petitioner is entitled to give bail pending his appeal and a final determination of the issues.

In support of petitioner's contention that he is entitled to be released on giving sufficient and satisfactory bail pending the appeal, and until the matter presented on appeal has been finally determined by this Court, he cites: Secs. 19–4218, 19–4505,

I.C.; Art. 1, Sec. 6, Constitution of Idaho; the 8th Amendment to the Constitution of the United States; Winnick v. Reilly, 100 Conn. 291, 123 A. 440; Farrell v. Hawley, 78 Conn. 150, 61 A. 502, 70 L.R.A. 686; Morgan v. State, 107 Tex.Cr.R. 200, 296 S.W. 312; People ex rel. Meeker v. Baker, 139 App.Div. 471, 124 N.Y.S. 47. See also Ex parte Anderson, 133 Tex.Cr.R. 580, 113 S.W.2d 551, not cited by petitioner.

Conversely, the attorney general and the prosecuting attorney of Ada County, on behalf of the sheriff, contend that Art. 1, Sec. 6, of the Constitution, which in substance provides that all persons shall be bailable by sufficient sureties except for capital offenses where the proof is evident or the presumption great has no application to persons arrested on a governor's warrant and held in custody as fugitives from justice from another state; and further contend that the provisions relating to criminal proceedings in the state courts have application only to crimes over which the authorities of the State have jurisdiction by virtue of their having been committed in the State of Idaho, and cite numerous authorities in support of the contention, of which In re Amundson, N.D., 19 N.W.2d 918; Waller v. Jordan, Ariz., 118 P.2d 450; State ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409; Ex parte Thompson, 85 N.J.Eq. 221, 96 A. 102; Ex parte Campbell, 147 Neb. 382, 23 N.W.2d 698; State ex rel. Rheinstrom v. Ronald, 106 Wash. 189, 179 P. 843, are illustrative.

22 Am.Jur. 272, Sec. 33, reads:

"A distinction has also been noted between cases of arrest and examination for commitment to await extradition demand and warrant and cases arising on habeas corpus after arrest on executive warrant for extradition, bail being refused in the latter case, if not in the former. Some states have statutes which provide for bail or else strictly deny it in extradition proceedings. The Uniform Criminal Extradition Act provides in substance that the prisoner may be admitted to bail unless the offense with which the prisoner is charged is one punishable by death or life imprisonment."

and 35 C.J.S., Extradition, § 19, p. 347 reads:

"Although bail may be permitted in the discretion of the court where accused is held pending the arrival of a requisition, it is generally the rule, in the absence of contrary statute, that bail may not be given for a prisoner held under warrant of rendition."

Our Codes, Sec. 19–4515, I.C., provide that where one is charged with being a fugitive from justice that:

"* * * the judge or magistrate must commit him to jail by a warrant reciting the accusation for such a time specified in the warrant as will enable the arrest of the accused to be made under a warrant of the governor on a

requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in the next section, or until he shall be legally discharged."

Sec. 19–4516, I.C. relative to bail in extradition proceedings reads:

"Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, the judge or magistrate must admit the person arrested to bail by bond or undertaking, with sufficient sureties, and in such sum as he deems proper, for his appearance before him at a time specified in such bond or undertaking, and for his surrender, to be arrested upon the warrant of the governor of this state."

It will be noted that the above statutory provisions, providing for bail under prescribed conditions, apply to one being a fugitive from justice, before the executive warrant authorizing the arrest and surrender of the fugitive to the demanding state has been served.

It is not the contention of petitioner that any specific statute authorizes a fugitive's release on bail when held by executive warrant of arrest, his contention being that under the Constitution, Art. 1, Sec. 6, and general bail statutes, and the inherent power of courts, all persons accused of crime, under all circumstances excepting those specifically prohibited, are entitled to give bail when held on any criminal charge, whether coming within the jurisdiction of the state courts, or where interstate extradition proceedings are involved.

In Winnick v. Reilly, 100 Conn. 291, 123 A. 440, 443, the court there reviewed a similar situation as is here presented. The trial court had held that it had no power to admit a prisoner remanded to the custody of the sheriff to bail held on an executive warrant pending a decision on appeal. The Supreme Court held:

"that to fully accord to the fugitive his appeal from the dismissal of the writ of habeas corpus the power to admit him to bail pending the appeal should exist, and that, as justice is administered in our courts, there is no reasonable probability that the exercise by the trial court of the right to admit a fugitive to bail pending the appeal will imperil the performance by the Governor of his obligation under the Constitution to surrender the fugitive upon the proper demand of the Governor of another state."

The court concluded that the matter of releasing the prisoner on bail pending a determination of the appeal was not a matter of right, but was in the sound legal discretion of the trial court.

In People ex. rel. Meeker v. Baker, 139 App.Div. 471, 124 N.Y.S. 47, a fugitive

from justice was held under a fugitive warrant issued by the governor. In a habeas corpus proceeding he was remanded to custody, from which order he appealed, and secured a stay of proceedings pending the appeal. The Court held that the general statute covering appeals governed and as the offense charged was a bailable one, he was entitled to be released on bail pending final determination.

The judgment or order of a district court denying the release of one imprisoned on habeas corpus is an appealable judgment. Sec. 13–201, I.C.; In re Blades, 59 Idaho 682, 86 P.2d 737; Jain v. Priest, 30 Idaho 273, 164 P. 364.

At the present time petitioner has not been convicted of the alleged crime. If he is the identical and same person who is wanted in the State of Washington, he is charged there with second degree burglary. The maximum sentence that could be imposed, if convicted, is fifteen years. A person charged with such offense is bailable both in Washington and Idaho.

Sec. 19–4218, I.C. permitting one in a habeas corpus proceeding to obtain bail is not limited to criminal charges brought under the laws of this State. The statute refers to a person imprisoned on a criminal charge for want of bail. The petitioner is so imprisoned.

As such offense is bailable we conclude that Art. 1, Sec. 6, Idaho Constitution and the general statutes covering bail in a criminal proceeding are broad enough to include bail on appeal from a judgment of remand in a habeas corpus proceeding pending the appeal and determination by this Court, when the prisoner has secured a certificate of probable cause from the district judge who heard the matter.

We therefore conclude that the power to grant bail exists, but in such cases bail is discretionary. Otherwise a person held in custody on an executive warrant, while testing the sufficiency and legality of the proceedings, could be compelled to remain in jail for minor, as well as grave offenses.

The constitutional provision, Art. 1, Sec. 6, is all inclusive and provides that all persons shall be bailable with certain exceptions. The exceptions contained in the provision and the general statutes permitting bail, do not except persons held in custody under an executive warrant in interstate extradition proceedings.

In our opinion bail should be granted or denied petitioner in the sound legal discretion of the trial judge.

It is therefore ordered that the petition for writ of habeas corpus be granted with instructions to the trial judge to rehear the application of petitioner for bail, and exercise a sound legal discretion as to whether bail should or should not be allowed, and if allowed, determine the amount of

such bail. When such bail bond, if bail be allowed, has been given, the petitioner should then be released pending determination of the appeal.

TAYLOR, C. J., and PORTER and ANDERSON, JJ., concur.

SMITH, J., dissents.