—— OF THE ——

# SUPREME COURT OF MISSISSIPPI,

## IN VACATION,

## 1904.

---

### EX PARTE HENRY C. WALL.

84    783
f91    627

1. HABEAS CORPUS. *Bail. Pendency of appeal. Murder. Extradition.*
   Code 1892, § 2227.

   Under Code 1892, § 2227, denying the benefits of the writ of *habeas corpus* to one charged with an offense committed in any other part of the United States, and who, agreeably to the constitution of the United States or the laws of the state, ought to be delivered up to the executive power of the state or territory where the offense is charged to have been committed, a person indicted for murder in another state—an offense not there bailable—and who has been arrested in this state on a warrant issued by the governor upon requisition from the chief executive of such other state, is not entitled to bail pending his appeal to the supreme court from a judgment remanding him to custody in a *habeas corpus* proceeding based upon the ground that he is not a fugitive from justice and was not in such other state when the crime was committed.

2. SAME.

   Distinction pointed out between cases of arrest and examination for commitment to await extradition demand and warrant, on the one hand, and cases arising on *habeas corpus* after arrest on executive warrant for extradition, on the other.

Hearing before the judges of the supreme court in vacation, August 22, 1904.

The opinion states the case.

*R. N. Miller,* and *J. H. Price,* for petitioner.

*William Williams,* attorney-general, *Edgar H. Ratcliff,* and *R. W. Cutrer,* opposing.

Calhoon, J., delivered the opinion of all the judges.

Wall was indicted in Louisiana for murder, which is not bailable in that state, and the governor of Mississippi, on requisition, issued his warrant of arrest and delivery to the · agent of Louisiana. On his arrest, pursuant to this warrant, Wall sued out a writ of *habeas corpus,* and was tried before the chancellor, who heard evidence and refused to discharge him. He appealed from this decision to the supreme court, where the cause is pending for determination at its ensuing term.*

He now presents his petition to the judges of this court in vacation for an order allowing him bail pending the appeal, and bases his right to it on the record. His point is, as it was before the chancellor, that he is not a fugitive from justice, because he says he was not in the state of Louisiana, but in the state of Mississippi, when the crime is alleged to have been committed, and he affirms that the overwhelming weight of the evidence shows this.

The judges of the supreme court cannot review the action of the chancellor in holding the prisoner. No power can do that except the appellate tribunal in session as a court.

. In examining the underlying question whether one held on *habeas corpus* trial, pursuant to executive warrant for extradition, is bailable at all, confusion will arise without careful notice of the statutes on which the various decisions rest. There is an obvious distinction between cases of arrest and examination for commitment to *await* extradition demand and warrant, and cases arising on *habeas corpus after* arrest on executive warrant for extradition.

This distinction is pointed out in 2 Moore on Extr., sec. 601, and the author says: "A person arrested on a rendition war-

*This appeal was afterwards dismissed. Wall was tried in Louisiana and acquitted.

rant is not entitled to bail." In 8 Ency. Pl. & Pr., 821, it is said: "A person held under a warrant of extradition issued by the governor of the state, upon which demand is made for his surrender, will not be allowed bail, but where he is held under preliminary process to await extradition, many of the states provide by statute for the allowance of bail."

In *Ex Parte Erwin*, 7 Tex. App., 288, bail was held to be improper pending an appeal—just the case under consideration —and that the right of bail under the constitution does not obtain in extradition cases.

Our own statutes put our state on this line. Section 2227, Code 1892, expressly excludes for the benefit of the writ of *habeas corpus* "any person *charged with an offense* committed in any other part of the United States, and who, agreeably to the constitution of the United States or the law of the state, *ought to be delivered up to* the executive power of the state or territory where the offense is charged to have been committed." In the present case the judgment of the chancellor is that Wall should be delivered up, and this judgment is conclusive while unreversed. Section 1470 *et seq.* allow bail, in bailable cases, in inquiries before conservators of the peace *before* demand by requisition. The governor acted, in the present case, on sec. 2162, on requisition, in proper form, based on a proper record.

*Petition denied.*