*In re* PALMER.

EXTRADITION—HABEAS CORPUS—POWER OF COURT.

The court cannot, on habeas corpus to inquire into the detention of one held on a warrant of rendition in extradition proceedings, inquire into the question of petitioner's guilt for the purpose of determining the question of flight, and the fact that the papers only show his presence in the demanding State shortly before the commission of the crime, and not at the time or since, is not controlling.

Certiorari to Wexford; Chittenden, J.    Submitted July 7, 1904.    (Calendar No. 20,591.)    Decided October 18, 1904.

Habeas corpus proceedings by Frank W. Palmer to obtain his release from custody under an extradition from the governor of Ohio.    There was an order dismissing the writ, and petitioner brings certiorari.    Affirmed.

*Charles A. Withey*, for petitioner.

*Harvey R. Keeler*, for the State of Ohio.

MONTGOMERY, J.    The petitioner is under arrest on a warrant of rendition issued by the governor on requisition from the governor of Ohio, accompanied by a duly authenticated copy of an indictment and an affidavit stating that petitioner is a fugitive from the justice of that State.    The petitioner sued out the writ of habeas corpus before Hon. C. C. Chittenden, circuit judge, and on the refusal of Judge Chittenden to release him from custody has brought the proceedings here for review.

It is contended the papers, taken as a whole, show that no crime has been committed, and also that the petitioner is shown not to be a fugitive from justice.

Section 5278 of the Revised Statutes of the United States [U. S. Comp. Stat. 1901, p. 3597] provides that:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured," etc.

There is no doubt that the papers produced before the governor of Michigan fully complied with this section. The warrant of rendition is regular.

To what extent is the action of the executive in issuing the warrant of rendition open to review ? It is to be noted that the statute confers no authority upon the courts. Such authority as we exercise must be derived from our general power to protect the individual citizen from unlawful arrest. Clearly, we may not, in the exercise of this restricted power, enter upon a trial of the alleged offender. This would put upon the demanding State a burden of two trials—the one at a·place removed from the place where the alleged offense was committed. It is to be kept in mind that in this proceeding the Federal statute governs. The State courts are not permitted to hold to bail. And we are not aided in our jurisdiction by section 9887, 3 Comp. Laws. So, too, the decisions of courts of other States that a court may on habeas corpus go into the question of probable cause, based upon statutes governing proceedings in the several States, are without force or application in this proceeding.

The rule appears to be that the courts may look into the papers before the governor, and determine whether upon their face a crime is charged; but beyond this the court cannot go in determining the fact of the petitioner's guilt or innocence. Hurd, Habeas Corpus, 621 et seq. ; 2 Moore, Extradition, § 632 et seq. The court may inquire into the

identity of the accused with the party named in the warrant of rendition, and may, it seems, inquire within certain limits into the question of flight. As the papers which were presented to the governor in this case were regular on their face, and as the identity is conceded, we can only consider the question of flight.

It would be mere evasion of the rule above stated to determine that there was no flight because there was no offense. That there is sufficient ground to *charge* an offense sufficiently appears from the indictment. We cannot try the question of petitioner's guilt. The affidavits disclose that the petitioner was present at Cleveland at a date shortly before that laid in the indictment, but not at that date or since. From this it is argued that he could not have fled from Ohio after committing the offense. The time laid in the indictment is not ordinarily so vital as to exclude proof of the offense at an earlier date. The case of *People* v. *Donald*, 48 Mich. 491, relied upon by the petitioner's counsel, was decided upon the peculiar words of the statute in this State, the prosecution under this statute being expressly differentiated from a prosecution at common law in this regard.

Our conclusion is that the circuit judge reached the correct conclusion. The writ of certiorari is dismissed, and the petitioner remanded.

The other Justices concurred.