STATE OF NORTH DAKOTA, Respondent, v. FRANCIS TUCKER, Appellant.

(222 N. W. 651.)

Opinion filed December 28, 1928.

*M. A. Hildreth* and *F. S. Thomas,* for appellant.

*George F. Shafer,* Attorney General, *James Morris,* Assistant Attorney General, and *E. M. Warren,* State's Attorney, for respondent.

PER CURIAM. In November, 1927, Francis Tucker was convicted in the district court of LaMoure county of the crime of murder in the first degree. On the 19th day of November, 1927, he was admitted to bail pending his appeal to the supreme court from the judgment under which he was sentenced to life imprisonment. While the appeal was pending in this court, upon the application of the state's attorney to revoke and vacate the order admitting the defendant to bail, the district court entered an order vacating its previous order admitting the defendant to bail and ordered his arrest. This order was entered on December 11, 1928, and the defendant now appeals to this court from that order. He also presents to this court an application for bail.

It is contended that the order appealed from is void (a) because, an appeal having been taken, jurisdiction of the cause was vested in

the supreme court and the district court had no authority or jurisdiction to enter the order in question; and (b) there was no jurisdiction in the district court of LaMoure county for the reason that the defendant was convicted upon a second indictment returned by a grand jury in LaMoure county after proceedings had been taken to secure a change of judge and a change of place of trial and after the same had been secured under the first indictment.

Statutory authority for admitting a defendant in a criminal case to bail upon appeal is found in § 11,123 of the Compiled Laws of 1913, which provides:

"In cases in which the defendant may be admitted to bail upon an appeal, the order admitting him to bail may be made only by the supreme court or a judge thereof, or the district court before which the trial was had, or the judge presiding at such trial. . . ."

For reasons presently to be stated, we need not determine whether this power may be exercised after an appeal has been perfected as well as before. The question before us does not hinge upon the above statute but rather upon chapter 123 of the Session Laws of 1925, which amends § 11,115 of the Compiled Laws of 1913. This act provides that after a conviction of an offense not punishable by life imprisonment a defendant who has appealed may be admitted to bail. There is no statute which makes provision for admitting to bail a defendant who has been convicted of an offense punishable with life imprisonment. The original order admitting the defendant to bail was, therefore, clearly erroneous. Its validity is in no way involved upon the appeal from the judgment. The district court had undoubted power to vacate and rescind the order which should not have been made in the first instance, thereby placing the defendant in the status which the law contemplates he shall occupy during the pendency of his appeal; that is, one of restraint from which he may not be relieved by offering bail.

As to the contention that the district court lacked jurisdiction because the defendant had secured a change of judge and a change of place of trial under a former indictment for the same offense, we are of the opinion that we cannot properly decide such question upon the appeal from the order, for the reason that an examination of the appeal from the judgment of conviction shows that this is one of the principal contentions advanced by the appellant to secure a reversal of the judg-

ment of conviction. It strikes deeper than the order complained of. It affects the judgment and necessarily calls for decision in connection with the appeal from the judgment. We shall, therefore, not consider this contention upon the appeal from the order.

As to the original application to this court for bail, we are of the opinion that it must be denied under the statute, since there is no provision under which a defendant who has been convicted of an offense punishable by life imprisonment may be admitted to bail pending an appeal.

But it is said that a statute which denies to a defendant in a criminal case a right of bail is unconstitutional as being violative of § 6 of the state Constitution. Section 6 provides:

"All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great. . . ."

This provision refers to bail before conviction and not to bail pending appeals. See authorities cited in annotation in 19 A.L.R. 807.

It follows that the order must be affirmed and the application denied. It is so ordered.

NUESSLE, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.