STATE EX REL. WILLIAM HILDEBRAND v. GEORGE H. MOELLER.[1]

January 17, 1931.

No. 28,426.

[1]Reported in 234 N. W. 649.

*John I. Levin,* for appellant.
*Michael F. Kinkead,* for respondent.

PER CURIAM.

Application to fix bail on appeal to this court from a decision in a habeas corpus proceeding remanding relator to the custody of the sheriff of Ramsey county, who had apprehended and held him under a rendition warrant issued by the governor of this state upon the requisition of the governor of the state of Iowa. It is made to appear that the attorney for relator is an officer of the legislature now in session, and therefore a demand is made that the hearing in this court be delayed until after the close of the legislative session, in accordance with L. 1929, p. 19, c. 19, and in the meantime that relator be freed on bail.

Our constitutional provisions in respect to bail (art. 1, §§ 5 and 7) do not appear to cover bail on appeal after judgment or final order. The statute relating to bail in extradition (G. S. 1923 [2 Mason, 1927] § 10544) is applicable only to proceedings against fugitives from justice prior to their apprehension under a rendition warrant, and the one to habeas corpus (G. S. 1923 [2 Mason, 1927] § 9754) to bail pending hearing upon the writ. Here there has been a hearing upon the writ in the district court. But, since the appeal is a hearing de novo in this court, it may be argued that the hearing is now pending and bail should be allowed until a decision is rendered.

However in habeas corpus proceedings in behalf of a person held under a warrant of rendition issued by the governor of a state,

consideration must be given to the constitution and laws of the United States upon the subject of extradition. Art. IV, § 2, of the federal constitution reads:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime."

And congress has regulated the matter of interstate rendition by R. S. § 5278, 18 USCA, p. 284, § 662. That statute makes no provision for bail after a person is in custody under a rendition warrant. Our statutes (G. S. 1923 [2 Mason, 1927] § 10541, et seq.) are in aid of the constitution and laws of the United States on the subject of extradition. In 25 C. J. p. 270, § 44, it is stated that where a person is in custody under an extradition warrant he is not "according to the weight of authority entitled to bail." The Michigan court, after calling attention to the fact that extradition is regulated by the federal law, said: "The state courts are not permitted to hold to bail." In re Palmer, 138 Mich. 36, 37, 100 N. W. 996, 997. In State v. Quigg, 91 Fla. 197, 107 So. 409, and In re Thompson, 85 N. J. Eq. 221, 262, 96 A. 102, the subject of the right to bail of a person in custody on a rendition warrant is very exhaustively dealt with, and the conclusion is reached that bail should not be allowed pending a decision on habeas corpus. The Florida statutory provisions relating to extradition are very much like our own. Other like decisions are Ex parte Edwards, 91 Miss. 621, 44 So. 827; Ex parte Erwin, 7 Tex. Ct. App. 288, followed in Ex parte Hobbs, 32 Tex. Cr. 312, 22 S. W. 1035, 40 A. S. R. 782; State ex rel. Rheinstrom v. Ronald, 106 Wash. 189, 179 P. 843. In some jurisdictions it is held that on habeas corpus appeals bail is discretionary although it appears that the person is held under a rendition warrant. Winnick v. Reilly, 100 Conn. 291, 123 A. 440; People ex rel. Meeker v. Baker, 139 App. Div. 471, 124 N. Y. S. 47; Ex parte Hart, 11 C. C. A. 165, 63 F. 249, 28 L. R. A. 801; Wright v. Henkel, 190 U. S. 40, 23 S. Ct. 781, 47 L. ed. 948, while stating that

ordinarily a person held under a rendition warrant is not bailable in a habeas corpus proceeding, say that special circumstances may arise which may make it discretionary with the court to take bail pending a decision on the writ. There are no special circumstances shown in this application, and bail is denied.

Nor do we think this is a case where a continuance should be granted. Hearings on appeals upon habeas corpus are speeded by statute; and this court is always ready to expedite such appeals. Relator seeks delay, and invokes L. 1929, p. 19, c. 19, which provides that courts cannot hear matters where an officer of the legislature is attorney for a party in interest so long as the legislature continues in session. As before stated, extradition is controlled by the laws of the United States. There is no such thing as an asylum under its constitution and statutes in one state for one accused of crime in another state. Bramwell v. Owen (D. C.) 276 F. 36. The thought of an asylum is inconsistent with the United States constitution. If the effect sought is given, the state during the legislative session may be the asylum, if they choose to make it so, for any number accused of crime in other states if they select their forum and their counsel with the statute in mind. With such a result no stay should be permitted. We are of the opinion that L. 1929, p. 19, c. 19, cannot be used to delay extraditions.