[Civil No. 4459.   Filed November 3, 1941.]

[118 Pac. (2d) 450.]

TOM TILLEY WALLER, Appellant, v. LON JOR-
DAN, as Sheriff of Maricopa County, Arizona;
and TED LEWIS, Also Known as CLIFF
LEWIS, Sheriff of Burleson County, Texas,
and Agent of the Governor and State of Texas,
Appellees.

Mr. Jacob Morgan, for Appellant.

Mr. Richard F. Harless, County Attorney, and Mr. E. R. Thurman and Mr. Charles B. McAlister, Deputy County Attorneys, for Appellees.

ROSS, J.—This is an application for bail pending his appeal from an order of the Superior Court of Maricopa County refusing, in an extradition proceeding, to discharge appellant on a writ of *habeas corpus* or to allow him bail pending his appeal. The validity of the last order is the only question involved.

It appears from the pleadings that, upon a requisition from the Governor of Texas, the Governor of Arizona has issued an extradition warrant authorizing the return of appellant to the demanding state upon a charge of assault with intent to commit murder and for failure to provide for his wife and minor children.

The appellant alleges that the charges are groundless, not *bona fide,* and are fraudulent and illegal; that he has not committed said alleged crimes or any crime against the State of Texas. He further alleges that he should be released on bail in order that he might continue to support his wife and minor children at his occupation of railroading. He alleges that his imprisonment is involuntary servitude under the Thirteenth Amendment to the Federal Constitution and a form of peonage under the federal laws. Title 18 U. S. C. A., § 421.

■ The Federal Constitution and the Acts of Congress provide for the process of extradition which means "the surrender by one state . . . to another of an individual accused or convicted of an offense outside of its own territory, and within the territorial jurisdiction of the other, which, being competent to try and punish him, demands the surrender. . . . " 25 C. J. 254, sec. 1.

■ The asylum state may pass laws in aid of the federal laws and Constitution and when consistent therewith are valid and should be followed in such proceeding. The state laws usually provide for the arrest and safekeeping of the fugitive until the demanding state has had time to present a proper and legal requisition for the fugitive's return. This state in 1937 for that purpose passed the Uniform Law with reference to extradition. Article 36 (secs. 44–3601 to 44–3630) Arizona Code 1939. Section 44–3618 thereof provides, pending the issuance of an extradi-

tion warrant, that "unless the accused give bail as provided in the next section," he shall be committed to jail. The next section (44-3619) reads as follows:

"44-3619. *Bail except in capital and life imprisonment cases.*—Unless the offense with which the prisoner is charged is shown to be a capital offense, where the proof is evident or the presumption great, under the laws of the state in which it was committed, the judge or magistrate must admit the person arrested to bail or bond or undertaking, with sufficient sureties, and in such sum as he deems proper, for his appearance before him at a time specified in such bond or undertaking, and for his surrender, to be arrested upon the warrant of the governor."

This section shows that the bail ceases with the arrest of the accused "upon the warrant of the governor."

The next section (44-3620) provides that if the accused is not arrested within the time specified in the warrant of commitment, bond, or undertaking, he may be discharged by the judge or magistrate, or he may be recommitted, or released on bail, and this procedure may be repeated, if necessary, from time to time pending the issuance of the warrant for his arrest and extradition or his discharge from custody.

▮ Appellant makes no question that the offense charged is extraditable and that he is a fugitive from the State of Texas to the State of Arizona, nor does he question the sufficiency of the complaint to set out definitely and accurately the elements of the offense or offenses charged against him. He does not charge that the governor, before issuing his warrant of arrest, failed or refused to hear him and to take into consideration any reasons he might present against being removed to the State of Texas. In such circumstances, we think it should be assumed that the warrant of arrest was properly and legally issued by the governor and that there existed every fact essential

to his jurisdiction to act in the premises. 25 Am. Jur. 192, sec. 67.

■ However, under the statute appellant is entitled to appeal from the order refusing his discharge on the writ of *habeas corpus*. That statute reads:

"21–1702. *Judgments and orders reviewable.*—An appeal may be taken to the Supreme Court from a superior court in the following cases: . . .

"7. From an order or judgment on *habeas corpus,* in which the petitioner may appeal from an order refusing his discharge, and the officer having the custody of the petitioner, or the county attorney on behalf of the state, from an order or judgment discharging the petitioner; if from the latter the court may admit the petitioner to bail pending the appeal."

■ It will be noticed that if the county attorney on behalf of the state appeals, the court may admit the petitioner to bail pending the appeal. If, however, the petitioner appeals from the order refusing his discharge, the statute is silent as to his right to bail. We think when the legislature in one instance gives the right to bail pending the appeal but fails to give any right to bail in the other instance, it is equivalent to denying the right to bail in the latter case.

■■ Appellant points to section 22, Article II of the state Constitution reading:

"All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great."

and insists that it gives him the right to bail pending his appeal, his case not being a capital one. It should be remembered that this provision and all others of our Constitution relating to criminal proceedings have application only to those crimes over which the state authorities have jurisdiction by virtue of their having been committed in the state. Like provisions are found in our criminal procedure, sections 44–401 to

44–411, but the context of these sections of the statute clearly shows that they refer to cases over which the state courts have jurisdiction. For instance, section 44–401 provides:

"When the defendant has been held to answer upon an examination for a public offense, the admission to bail may be by the magistate by whom he is so held, or or by any magistrate who has the power to issue a writ of *habeas corpus.*"

There can be little question, we think, that the legislature of the state might have provided that a petitioner for writ of *habeas corpus* in an extradition matter might be admitted to bail pending an appeal from an order refusing him bail, but it has made no such provision. The appellant cites the case of *Ex parte Anderson,* 133 Tex. Cr. R. 589, 113 S. W. (2d) 551, in which the court held that a petitioner under the statutes of the State of Texas was entitled to be enlarged on bail pending the disposition of his appeal, but that was placed upon the ground that the statute provided for such proceeding.

Section 33, 22 American Jurisprudence 272, reads as follows:

"Sec. 33. *Right to Bail.* No provision for bail is made by either the Federal Constitution or Federal statutes regulating extradition. The question of admitting to bail in extradition cases is not one of practice, but is dependent on state statutes. In international extradition proceedings, applications for bail have been uniformly denied, the view being entertained that although the statute of the United States in respect of procedure in extradition does not forbid bail in such cases, that fact is not enough, since, to admit to bail, the authority so to do must be expressly given.

"As respects interstate extradition, bail has been allowed in some cases pending an appeal from the denial of a writ of *habeas corpus,* while other cases have said whether bail is to be allowed is a matter of judicial discretion. In still other cases, however, bail has

been denied, unless some departure from the requirements of the statute relating to extradition has been made to appear. A distinction has also been noted between cases of arrest and examination for commitment to await extradition demand and warrant and cases arising on *habeas corpus* after arrest on executive warrant for extradition, bail being refused in the latter case, if not in the former. Some states have statutes which provide for bail or else strictly deny it in extradition proceedings. The Uniform Criminal Extradition Act provides in substance that the prisoner may be admitted to bail unless the offense with which the prisoner is charged is one punishable by death or life imprisonment.''

Section 15, 6 American Jurisprudence 55, makes the broad statement that an accused under the circumstances here related is not entitled to bail as a matter of right. That seems to be the general rule.

What the court said in *Re Foye,* 21 Wash. 250, 57 Pac. 825, 826, we think is very apropos to the facts in this case:

''At the time the learned judge of the superior court remanded the appellant to the custody of the agent appointed by the governor of Massachusetts, he also made an order granting a *supersedeas* and admitting appellant to bail pending this appeal. Respondent now moves this court to vacate and set aside the orders last mentioned, and we are of the opinion that this branch of the motion must be granted. Neither the constitution of the United States nor the law of congress pertaining to the subject of extradition, nor any law of this state, authorizes the giving of bail in *habeas corpus* proceedings in extradition cases. It is true that our statute provided that the writ may issue for the purpose of admitting a party to bail who is charged with an offense against the laws of this state, but that statute is wholly inapplicable to cases where a party is in custody by virtue of an extradition warrant. As was well said in the case of *Ex parte Erwin,* 7 Tex. App. 288, to permit one arrested as a fugitive from justice to go at large upon

bail would be to put him in a situation to 'defy the mandate of the court and treat its judgment with contempt.' ''

To the same effect are the following cases: *State ex rel. Rheinstrom* v. *Ronald,* 106 Wash. 189, 179 Pac. 843; *State* v. *Quigg,* 91 Fla. 197, 107 So. 409; *In re Thompson,* 85 N. J. Eq. 221, 96 Atl. 102; *Ex parte Erwin,* 7 Tex. App. 288; *Hobbs* v. *State,* 32 Tex. Cr. Rep. 312, 22 S. W. 1035, 40 Am. St. Rep. 782; *Ex parte Massee,* 95 S. C. 315, 79 S. E. 97, 46 L. R. A. (N. S.) 781; *Ex parte Wall,* 84 Miss. 783, 38 So. 628; *In re Carrier,* (D. C.) 57 Fed. 578; *State ex rel. Nemec* v. *Sheriff,* 148 Minn. 484, 181 N. W. 640; Annotation 63 A. L. R. 1460, at 1502.

From our search and examination of the authorities, we are satisfied that the law in this jurisdiction is that the appellant is not entitled to bail pending his appeal from the order of the superior court refusing him bail in an extradition proceeding. The application is therefore denied.

LOCKWOOD, C. J., and McALISTER, J., concur.