[File Cr. No. 200]

IN THE MATTER OF THE APPLICATION OF THOMAS H. AMUNDSON TO BE ADMITTED TO BAIL PENDING THE DETERMINATION OF HABEAS CORPUS PROCEEDINGS.

(19 NW2d 918)

Opinion filed October 13, 1945

*W. J. Austin,* for applicant.

*Nels G. Johnson,* Attorney General, State of North Dakota, and *P. B. Garberg* and *I. A. Acker,* Assistant Attorneys General, for respondent.

MORRIS, J.   The petitioner, Thomas H. Amundson, has applied to this Court for a writ of habeas corpus.   From his application it appears that he has been taken into custody by virtue of a warrant of the Governor of the State of North Dakota in an extradition proceeding.   We issued a writ returnable ten days from its date, whereupon the petitioner moved for an order of this Court admitting him to bail pending the final determination of the habeas corpus proceeding.   This application is resisted by the representative of the State seeking extradition.   Thus there is presented the neat question of whether one who has been arrested as a fugitive from justice by virtue of a warrant issued by the Governor of this State, upon a requisition of a governor of another state, may be released on bail pending the final determination of a habeas corpus proceeding.

We first examine the statutes and the petitioner's contention with respect thereto, in order to determine whether the statutory law provides for bail in the instant case.   The respondent

cites § 29–0817, Rev Code 1943, which reads as follows: "In any case, if there is no provision of law authorizing a court, magistrate, or other officer to take bail, the same may be taken by the supreme court, or a judge thereof, or by the district court of the county in which the offense for which the defendant is arrested is triable, or by a judge thereof."

This section is a part of our general statutory procedure pertaining to bail. It clearly applies only to cases involving bailable offenses triable within this state. It does not purport to enumerate or enlarge upon the classes of situations wherein persons may be admitted to bail, but provides for those courts and officers who are authorized to take bail in those instances where the defendant is entitled to be released on bail.

We now turn to our statutory provisions pertaining to extradition from which the petitioner cites the following sections:

Section 29–3004, Rev Code 1943, "The proceedings for the arrest and commitment of a person charged with crime in another state are similar in all respects to those provided in this title for the arrest and commitment of a person charged with a public offense committed in this state, but an exemplified copy of an indictment found, or other judicial proceeding had, against him in the state or territory in which he is charged with having committed the offense, may be received as evidence before the magistrate."

Section 29–3006, Rev Code 1943, "The magistrate may admit the person arrested to bail by an undertaking with sufficient sureties, and in such sum as he deems proper, for his appearance before him at a time specified in the undertaking, and for his surrender to be arrested upon the warrant of the governor of this state."

An examination of these sections and their context clearly indicates that they are applicable to those situations wherein a fugitive is apprehended in this State and is being held in custody prior to his arrest upon a warrant issued by the Governor of this State by virtue of a requisition from the governor of another state or territory.

"There is an obvious distinction between cases of arrest and

examination for commitment to await extradition demand and warrant, and cases arising on habeas corpus after arrest on executive warrant for extradition." Ex Parte Wall, 84 Miss 783, 38 So 628.

The sections of the statute above quoted do not provide for bail in cases where a fugitive is being held on an executive warrant issued in extradition proceedings by the Governor of this State.

The next statute relied upon by the petitioner is the following section from our Code chapter on habeas corpus:

Section 32–2220, Rev Code 1943, "Whenever a person is imprisoned or detained in custody on a criminal charge, for want of bail, such person is entitled to a writ of habeas corpus for the purpose of giving bail, upon averring that fact in his petition, without alleging that he is confined illegally. Any judge in or out of the court in which he is authorized to act may take an undertaking of bail from any person who has been committed on a criminal charge, when brought before him on a writ of habeas corpus, as in other cases, if the offense is bailable, and file the undertaking in the proper court."

This section clearly has no bearing upon the present situation. It deals with an instance in which a person is detained upon a charge of having committed a bailable public offense in this State but has not been afforded his right to be admitted to bail. It does not enlarge the category of bailable offenses or add to the number of situations under which bail may be allowed. It has no application where a fugitive from another state is held in this State on an executive warrant.

The statutes cited by the petitioner clearly do not extend to him the right to be released on bail nor has our own search disclosed any statute which affords him that right. We now turn to the further question of whether in the absence of statute he may be admitted to bail either as a matter of right or as a matter of discretion on the part of this Court.

35 CJS p 347, states the rule to be that: "Although bail may be permitted in the discretion of the court where accused is held pending the arrival of a requisition, it is generally the rule, in

the absence of contrary statute, that bail may not be given for a prisoner held under a warrant of rendition." Most cases supporting this rule arise where an application for bail is made pending an appeal from an order of an inferior court refusing to discharge the petitioner on a writ of habeas corpus. See note in 63 ALR 1461 and 143 ALR 1354. In the case before us an application was made in the district court for a writ of habeas corpus. The application was denied. The petitioner then presented to this Court an application for an original writ and showed the denial of his application in the district court. This is the proper procedure in this State. The fact that this is an application for an original writ and not an appeal does not negative the reasoning supporting the denial of bail in appeal cases. They constitute persuasive authority.

State ex rel. Hildebrand v. Moeller, 182 Minn 369, 234 NW 649, involved an application to admit a fugitive to bail on appeal from a judgment in habeas corpus proceedings remanding the petitioner to the custody of the sheriff who held him under a warrant issued by the Governor of Minnesota upon the requisition of the governor of another state. Thus the facts are identical to those now before us, the only difference being in the procedural situation. The court points out that the Minnesota statute relating to bail in extradition is applicable only to proceedings against fugitives from justice prior to their apprehension under a rendition warrant which, as we have indicated, is the statutory situation here. The court goes on to say: "However, in habeas corpus proceedings in behalf of a person held under a warrant of rendition issued by the Governor of a state, consideration must be given to the Constitution and laws of the United States upon the subject of extradition. Article 4, § 2, of the Federal Constitution, reads: 'A person charged in any state with Treason, Felony, or other crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the crime.' And Congress has regulated the matter of interstate rendition by Rev Stat § 5278, 18 USCA § 662 [7 FCA title 18,

§ 662]. That statute makes no provision for bail after a person is in custody under a rendition warrant. Our statutes (Gen Stat 1923, § 10541 et seq.) are in aid of the Constitution and laws of the United States on the subject of extradition. In 25 CJ p 270, § 44, it is stated that, where a person is in custody under an extradition warrant, he is not 'according to the weight of authority entitled to bail.' The Michigan court, after calling attention to the fact that extradition is regulated by the federal law, said: 'The state courts are not permitted to hold to bail.' Re Palmer, 138 Mich 36, 100 NW 996, 997. In State ex rel. Stringer v. Quigg, 91 Fla 197, 107 So 409, and Re Thompson, 85 NJ Eq 221, 262, 96 A 102, the subject of the right to bail of a person in custody on a rendition warrant is very exhaustively dealt with, and the conclusion is reached that bail should not be allowed pending a decision on habeas corpus."

The Minnesota court also rejected the argument that since the appeal presented a hearing de novo in the appellate court the hearing was then pending and bail should be allowed until a decision was rendered, which is the identical question presented by the petitioner in this case.

Another case in point is Waller v. Jordon, 58 Ariz 169, 118 P2d 450, 143 ALR 1349, which deals with a constitutional provision similar to ours, which provides that, "All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great." ND Const, § 6. The court held that the State constitutional provision applies only to crimes over which the state has jurisdiction by virtue of their being committed in the state and is not applicable to interstate extradition proceedings. Other cases reaching the same conclusion are Re Thompson, 85 NJ Eq 221, 96 A 102; Ex Parte Erwin, 7 Tex App 288; and State ex rel. Stringer v. Quigg, 91 Fla 197, 107 So 409. It may also be noted that this Court in State v. Tucker, 57 ND 508, 222 NW 651, holds that Section 6 of our Constitution refers to bail before conviction and not to bail pending appeals.

Extradition proceedings were not known to the common law. They exist by virtue of the Constitution and laws of the United

States and state constitutional and statutory provisions not inconsistent therewith. Power to grant bail in behalf of fugitives from justice who are held in custody by virtue of extradition proceedings is not inherent in the courts. Authority to grant bail in such cases must arise by virtue of constitutional or statutory provisions. State ex rel. Stringer v. Quigg (Fla) supra; United States ex rel. Carapa v. Curran (CCA 2d) 297 F 946, 36 ALR 877.

In this State there is no statutory provision for admitting to bail a fugitive from justice held in custody under a warrant issued by the Governor of this State upon the requisition of the governor of a foreign state. The fact that the legislature provided for the admission of a fugitive to bail during proceedings had prior to his arrest upon a warrant issued by the Governor and made no such provision for bail after such arrest, implies a legislative intention to withhold the privilege of being admitted to bail after arrest upon such a warrant. We are thus led to the conclusion that in this jurisdiction a fugitive from justice who is in custody by virtue of a rendition warrant issued by the Governor of this State in extradition proceedings may not be admitted to bail pending final determination of his application for release upon a writ of habeas corpus. Application for admission to bail denied.

BURKE, NUESSLE and BURR, JJ., concur.

Mr. Chief Justice CHRISTIANSON, deeming himself disqualified, did not participate.