In re Application of Phillip T. Campbell for a Writ of Habeas Corpus, Adelia Campbell, Petitioner, v. Leonard S. Murray et al., Respondents.

23 N. W. 2d 698

Filed June 21, 1946. No. 32144.

*Francis M. Casey,* for appellant.

*Kelso A. Morgan, Joseph D. Houston,* and *Theodore L. Kowalski,* for appellees.

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell, and Wenke, JJ.

Simmons, C. J.

In this action petitioner, held for delivery under an interstate extradition warrant as a fugitive from justice, sought release under a writ of habeas corpus. After issues were made and hearing had, the writ was denied. He applied for bail pending appeal. It was denied. He appealed here and concurrently filed application that he be allowed to post an appearance bond. His application is denied.

In support of his application, petitioner relies upon the provision of our Constitution that "All persons shall be bailable by sufficient sureties, except for treason and murder, where the proof is evident or the presumption great." Const., art. I, § 9.

He further relies upon section 29-901, R. S. 1943, which provides: "When any person charged with the commission of any bailable offense shall be confined in jail, whether committed by warrant under the hand and seal of any judge or magistrate, or by the sheriff or coroner, under any warrant upon indictment found, it shall be lawful for any

Judge of the Supreme Court, judge of the district court within his district, or county judge within his county, or police judge within the city of his jurisdiction, to admit such person to bail by recognizing such person in such sum and with such securities as to such judge shall seem proper, conditioned for his appearance before the proper court, to answer the offense wherewith he may be charged. All recognizances in criminal cases shall be continuous from term to term until final judgment of the court in such cases. When two or more indictments or informations are returned against the same person at the same term of court, the recognizance given may be made to include all offenses charged therein."

He further relies upon the provisions of section 29-710, R. S. 1943, which give him the right to apply for a writ of habeas corpus before he is delivered to the executive authority demanding him, and on the provisions of section 29-716, R. S. 1943, as follows: "Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, the judge or magistrate must admit the person arrested to bail by bond or undertaking with sufficient sureties and in such sum as he deems proper, conditioned for the appearance of the prisoner before him at a time specified in such bond or undertaking, and for his surrender to be arrested upon the warrant of the Governor of this state." These last two provisions are part of the Uniform Criminal Extradition Act of this state. §§ 29-701 to 29-728, inclusive, R. S. 1943. Petitioner concedes that there is no provision in the act for bail pending appeal from a denial of the writ, but argues that such was intended from the provisions of the act above quoted, and that to deny bail pending appeal would destroy or seriously hamper his right of appeal.

The right to interstate extradition is based upon and controlled by section 2, article IV, of the United States Constitution, providing: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Jus-

tice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." 35 C. J. S., Extradition, § 2, p. 318; 22 Am. Jur., Extradition, § 8, p. 247. The mischief sought to be cured by this provision was that of preventing one state from becoming an asylum for those accused of crime in another state. The remedy provided was to break down state boundaries in this respect and to authorize one state to demand and placed the duty upon another state to surrender one so accused. The Congress made this provision operative by the adoption of section 662, title 18, chapter 20, U. S. C. A. See 2 R. S. 1943, appendix p. 1346. In aid of the provision this state adopted the Uniform Criminal Extradition Act, *supra*.

Contentions the same as those made by the petitioner have been considered and decided adversely in well reasoned opinions by several courts in states that have constitutional and statutory provisions similar to those of ours upon which petitioner relies. See State v. Quigg, 91 Fla. 197, 107 So. 409; Hames v. Sturdivant, 181 Ga. 472, 182 S. E. 601; Waller v. Jordan, 58 Ariz. 169, 118 P. 2d 450; Ex Parte Anderson, 133 Tex. Cr. 589, 113 S. W. 2d 551; In re Foye, 21 Wash. 250, 57 P. 825; State ex rel. Hildebrand v. Moeller, 182 Minn. 369, 234 N. W. 649; In re Palmer, 138 Mich. 36, 100 N. W. 996; In re Amundson (N. D.) 19 N. W. 2d 918.

These courts have reached the conclusion that a fugitive from justice who is in custody by virtue of a rendition warrant issued by the Governor in an extradition proceeding, and who has been denied release in a habeas corpus proceeding, may not be admitted to bail pending appeal. See, also, 35 C. J. S., Extradition, § 19, p. 347; 63 A. L. R. 1502; 143 A. L. R. 1361.

Petitioner relies largely upon the decision in Winnick v. Reilly, 100 Conn. 291, 123 A. 440. This case involved a denial of bail pending appeal in habeas corpus in an extradition proceeding. The court there treated the question as

a case of bail generally, rather than one of bail in extradition. The court there, as does petitioner here, further relied upon the following language in the decision in Wright v. Henkel, 190 U. S. 40, 47 L. Ed. 948, 23 S. Ct. 781: "We are unwilling to hold that the Circuit Courts possess no power in respect of admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief." It has been pointed out that the language relied upon is dictum. United States v. Curran, 297 F. 946. Overlooked by the petitioner is the following language from the Wright opinion: "The demanding government, when it has done all that the treaty and the law require it to do, is entitled to the delivery of the accused on the issue of the proper warrant, and the other government is under obligation to make the surrender; an obligation which it might be impossible to fulfill if release on bail were permitted. The enforcement of the bond, if forfeited, would hardly meet the international demand; and the regaining of the custody of the accused obviously would be surrounded with serious embarrassment." See the discussion of these quoted provisions in State v. Quigg, *supra*. We are in accord with the majority rule.

We have not overlooked our decision in Hurlbert v. Fenton, 115 Neb. 818, 215 N. W. 104. That case did not involve an extradition proceeding.

The application is denied.

DENIED.