GERALD D. ALLEN et al., petitioners, v. HONORABLE C. H. WILD, Judge of the Twelfth Judicial District, respondent.

No. 49351.

(Reported in 86 N.W.2d 839)

DECEMBER 17, 1957.

William Pappas, of Mason City, for petitioners.

Mason & Stone, of Mason City, for respondent.

OLIVER, J.—This is an original proceeding in certiorari to Cerro Gordo District Court, C. H. Wild, Judge, Twelfth Judicial District. It stems from proceedings to extradite Bernard H. Mack for prosecution in Illinois for the crime of confidence game. Complaint had been filed and a warrant issued for the arrest of Mack as provided by section 759.7, Code of Iowa, 1954, and Mack had given bail to appear before the magistrate in accordance with section 759.8. Thereafter Mack was arrested on a warrant of the Governor of Iowa issued pursuant to demand of the Governor of Illinois. Mack petitioned for a writ of habeas corpus to test the legality of his arrest (section 759.10), alleging he was illegally restrained in Cerro Gordo County jail by Sheriff Gerald D. Allen and Agent William Fairfield. The court issued the writ. Trial of the issues thus presented resulted in judgment dismissing Mack's petition and annulling the writ of habeas corpus. The

judgment entry recites, "Bond on appeal is fixed at $400." Apparently this bond was considered to be for costs, only. Thereupon Mack moved the court to fix the amount of the supersedeas bond upon appeal, under Rule of Civil Procedure 337, and particularly under subparagraph (b) thereof, and to fix the amount of bail required of Mack during the stay of the proceedings. Upon this application the order of the court states it appears, "that Rule 337 may entitle the plaintiff to some rights which the statutes of the state do not clearly provide for. It is THEREFORE ORDERED that the supersedeas bond in this case be fixed in the amount of $1500.00 to be conditioned upon the plaintiff surrendering himself to the Sheriff of Cerro Gordo County, Iowa, if any appeal in this case is affirmed * * *. Until such bond is furnished the plaintiff shall remain in the custody of the Sheriff of Cerro Gordo County, Iowa."

█ Mack furnished such a bond and was released. Upon the petition of Allen and Fairfield the writ of certiorari issued to review this order. The question presented is whether the district court was empowered to order that, pending determination of an appeal therefrom, its judgment annulling the writ of habeas corpus be superseded and Mack released from custody upon his furnishing a supersedeas bond. We hold the court was not so empowered.

This question was considered in Orr v. Jackson, 149 Iowa 641, 643, 128 N.W. 958, 960, in which, after the Supreme Court had held valid the conviction of one Seidlitz for contempt and he had been taken into custody, he sued out a writ of habeas corpus. Upon trial the defendant-judge dismissed the habeas corpus proceeding but ordered that Seidlitz be admitted to bail pending appeal from the judgment of dismissal. Certiorari issued from the Supreme Court to review the order allowing bail. The court sustained the writ, stating:

"* * * The habeas corpus proceeding was not a criminal proceeding. * * * And, if it were, Seidlitz was plaintiff therein, and not defendant. The statutes in relation to bail have no application to such a case. The purpose of bail on appeal in a criminal case is only to suspend the execution of judgment pending the appeal. There was no such function to be performed in the case under consideration. The effect of the order for bail was not to

maintain the *status quo*. On the contrary, it operated affirmatively to grant such petitioner the very relief which was denied him in the order of dismissal. In State v. Kirkpatrick, 54 Iowa 373 [6 N.W. 588], it was held that a habeas corpus proceeding was intended to be summary, and that when a court granted to the petitioner therein affirmative relief, even the defendant could not maintain the *status quo* nor suspend the judgment by a supersedeas bond. All the more reason is there for saying that where a writ of habeas corpus is dismissed upon a hearing, the petitioner therefor may not obtain indirectly by means of a bond the affirmative relief which he sought by means of his writ. If we should concede that he might maintain the *status quo*, he had no need of bail or bond for that purpose. When the writ was sued out he was in the custody of the sheriff. When a hearing was had upon his petition he was still in the custody of the sheriff. Code section 4455 provides: 'Until the sufficiency of the cause of restraint is determined, the defendant may retain the plaintiff in his custody, and may use all necessary and proper means for that purpose.' " (This section is now 663.40 and is in the chapter entitled, Habeas Corpus.) "It rested with the court upon such hearing to say whether such custody should be interfered with. The court refused to discharge him from such custody. The effect of its order was to leave the petitioner where it found him. The petitioner had his remedy by appeal but he had no right to nullify the summary character of the habeas corpus proceeding to which he had resorted."

The bond in the Kirkpatrick case, supra, was a supersedeas bond such as now authorized by Rule of Civil Procedure No. 337, referred to in the order here in question. Scheffers v. Scheffers, 241 Iowa 1217, 1222, 1223, 44 N.W.2d 676, 679, which considered the effect of a supersedeas bond in an appeal from a judgment changing the custody of a child from one divorced parent to the other, stated:

"We are of the opinion however that rule 337 was not intended to, and does not, permit stay of proceedings by the method there provided, under such a decree * * * except of course as to collection of costs. * * * Rule 337(b) states that if the judgment is not for money the penalty of the bond shall be 'an amount sufficient to save appellee harmless from the consequences of the

appeal; * * *.' How can any amount of money save this mother harmless from the consequences of being deprived of the custody of her child until plaintiff's appeal is finally disposed of, * * *?"

The right of interstate extradition is founded on section 2, Article IV, of the Constitution of the United States, which provides: "A person charged in any State with * * * Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." Pursuant thereto, effectuating federal statutes have been adopted and what is now chapter 759, Code of Iowa, 1954, entitled Uniform Criminal Extradition Act has been enacted. 35 C. J. S., Extradition, section 2; 22 Am. Jur., Extradition, section 8.

██ Counsel for respondent cite Article I, section 12, Constitution of Iowa, which states in part: "All persons shall, before conviction, be bailable, * * * except for capital offences * * *." Also cited is Code section 763.1—"All defendants are bailable both before and after conviction, by sufficient surety, except for offenses punishable with death under the laws of the state." These provisions have reference to persons charged with offenses against the laws of the State of Iowa and are not applicable to persons arrested in Iowa for interstate extradition. The scope of section 763.1 is specifically limited to offenses "under the laws of the state." With reference to extradition, section 759.16 provides that the prisoner, unless charged with an offense punishable by death or life imprisonment under the laws of the demanding state, may be admitted to bail by bond. However this section is applicable only while the person is being held to await requisition and before the warrant for his arrest is issued by the Governor. The chapter contains no similar provision for bail after the arrest upon such warrant. Hence it may be fairly inferred the omission of such provision was intentional. Nor does section 759.10, which permits one arrested upon such warrant to apply for a writ of habeas corpus, make any provision for bail or supersedeas if, upon trial, such writ is annulled. Reference has already been made to the provisions in Code section 663.40 that the officer may retain the plaintiff in his custody until the sufficiency

of the cause of restraint is determined. The provisions of the Constitution and statutes of Iowa relied upon by counsel for respondent do not support their position.

Moreover, the decided weight of authority from other states supports the view that the trial court does not have the power to grant supersedeas or bail under such circumstances. Among the decisions are: Ex parte Thompson, 85 N. J. Eq. 221, 96 A. 102, 118 et seq.; Hames v. Sturdivant, 181 Ga. 472, 182 S.E. 601; In re Foye, 21 Wash. 250, 57 P. 825; State ex rel. Rheinstrom v. Ronald, 106 Wash. 189, 179 P. 843; In re Amundson, 74 N. D. 83, 19 N.W.2d 918; Ex parte Campbell, 147 Neb. 382, 23 N.W.2d 698; Ex parte Grabel, Ky., 248 S.W.2d 343, 345; Waller v. Jordan, 58 Ariz. 169, 118 P.2d 450, 143 A. L. R. 1349; State ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409; Ex parte Massee, 95 S. C. 315, 79 S.E. 97, 46 L. R. A., N. S., 781; State ex rel. Russell v. Jones, 31 Ala. App. 208, 14 So.2d 590; Ex parte Tingley, 252 Ala. 59, 41 So.2d 273; Ex parte Wall, 84 Miss. 783, 38 So. 628; State ex rel. Hildebrand v. Moeller, 182 Minn. 369, 234 N.W. 649; In re Palmer, 138 Mich. 36, 100 N.W. 996, 997. See also annotations in 63 A. L. R. 1502 et seq., and 143 A. L. R. 1361 et seq.; 39 C. J. S., Habeas Corpus, section 115; 35 C. J. S., Extradition, section 19; 22 Am. Jur., Extradition, section 33.

In most of the cases above cited the applicable constitutional and statutory provisions of the state in question were similar to those of Iowa.

Application of Haney, 77 Idaho 166, 289 P.2d 945, is a decision to the contrary which cites, among others, Winnick v. Reilly, 100 Conn. 291, 123 A. 440, and Farrell v. Hawley, 78 Conn. 150, 61 A. 502, 70 L. R. A. 686. Ex parte Anderson, 133 Tex. Crim. Rep. 589, 113 S.W.2d 551, cited also, is based upon a statute providing for bail in habeas corpus appeals. Prior to that statute bail in such cases had not been allowed. See discussion in 143 A. L. R. 1363.

In Ruther v. Sweeney, Ohio App., 137 N.E.2d 292, the Court of Appeals allowed bail upon appeal of a defendant in extradition proceedings from a judgment, upon trial in habeas corpus, denying his release. The court states it is not unmindful of the authority to the contrary in 63 A. L. R. 1460, and 143 A. L. R.

1354, but states those cases, for the most part, were decided against the right to bail because of the absence of statutory authority, and where it was claimed the right to release on bail was an inherent power of the court.

We have already pointed to the absence of statutory authority in the case at bar for the order of the District Court granting supersedeas or bail.

The writ of certiorari is sustained.—Writ sustained.

All JUSTICES concur.