407 P.2d 779

**Waldon V. BURR, Sheriff of Pima County, Arizona, Petitioner,**

v.

**Honorable William C. FREY, Judge of the Superior Court, Pima County, Arizona, Respondent.**

**Edward P. Carey, Real Party in Interest.**

**No. 2 CA–CIV 168.**

Court of Appeals of Arizona.

Nov. 17, 1965.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, Pima County Atty., by Howard Kashman, Deputy County Atty., Tucson, for petitioner.

Russo, Messing & Cox, by William Messing, Tucson, for real party in interest.

KRUCKER, Chief Judge.

This matter is brought before this Court on an application for a writ of prohibition. Alternative writ was issued on October 21, 1965.

Briefly stated, the facts are as follows: Edward P. Carey was arrested and brought before a magistrate pursuant to law, pending extradition proceedings. On September 14, 1965, a Governor hearing was held pursuant to A.R.S. § 13–1304 and on the same date Governor Samuel P. Goddard issued a warrant of extradition directing Waldon V. Burr, as sheriff of Pima County, Arizona, to deliver the said Edward P. Carey to the authorized agents

of the State of Missouri, pursuant to A.R.S. § 13–1308. Carey, the real party in interest herein, petitioned for a writ of habeas corpus on that day.

After a hearing on the petition for a writ of habeas corpus, the writ was denied and notice of appeal to this Court was given and the trial court ordered that Carey could be admitted to bail in the sum of $5,000.00.

The petition for the writ of prohibition seeks to restrict and prohibit the admission of Carey to bail.

Petitioner contends that there is no right to bail pending an appeal from the denial of a writ of habeas corpus in an extradition proceeding. The Arizona statute which governs this situation is A.R.S. § 12–2101, subsection L, which reads as follows:

> "L. From an order or judgment made and entered on habeas corpus proceedings:
>
> 1. The petitioner may appeal from an order or judgment refusing his discharge.
>
> 2. The officer having the custody of the petitioner, or the county attorney on behalf of the state, from an order or judgment discharging the petitioner whereupon the court may admit the petitioner to bail pending the appeal."

This statute gives either party a right to appeal from an order in a habeas corpus proceeding and clearly states that if an an appeal is taken from the order of discharge by the county attorney on behalf of the state, bail may be granted pending the appeal. It is silent as to when an appeal is taken from a denial of a writ.

Our Supreme Court in Waller v. Jordan, 58 Ariz. 169, 118 P.2d 450, 143 A.L.R. 1349 (1941), construed this statute to the effect that the applicant, appealing from denial of a writ of habeas corpus, was not entitled to bail. The court stated:

> "If, however, the petitioner appeals from the order refusing his discharge, the statute is silent as to his right to bail. We think when the legislature in one instance gives the right to bail pending the appeal but fails to give any right to bail in the other instance, it is equivalent to denying the right to bail in the latter case."

Mr. Carey, the real party in interest, relies on art. 2, § 22 of the Arizona Constitution, A.R.S.:

> "§ 22. Bailable offenses
>
> Section 22. All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great."

and Application of Haney, 77 Idaho 166, 289 P.2d 945 (1955). The Idaho court refers to the Arizona case of Waller v. Jordan, supra, concluding that in such cases bail is discretionary with the trial court.

The United States Constitution, Article IV, Section 2, reads in part:

> "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

In addition, Congress has regulated the matter of interstate rendition by statute. 62 Stat. 822, 18 U.S.C.A. § 3182 (1948).

The real party in interest will be fully protected and entitled to bail under the Constitution of the State of Missouri and appropriate statutes concerning bail. Mo. Const. art. I, § 20, V.A.M.S.

We have two lines of authority, both permissible under the Federal Constitution. Since our Supreme Court has previously passed on the matter and interpreted the Arizona legislative enactment in Waller v. Jordan, supra, this Court is satisfied that under the law in Arizona the real party in interest is not entitled

to bail pending appeal from denial of the writ of habeas corpus in an extradition proceeding.

The alternative writ of prohibition is made permanent.

HATHAWAY and MOLLOY, JJ., concurring.