454 P.2d 877

**John MUMMERT, Sheriff of Maricopa County, Arizona, Petitioner,**

**v.**

**The Honorable Jerry H. GLENN, Judge of the Superior Court of the State of Arizona, Maricopa County; David Lester SCRIVNER, Real Party In Interest, Respondents.**

**No. I CA–CIV 1093.**

Court of Appeals of Arizona.

June 3, 1969.

Rehearing Denied June 30, 1969.

Review Denied Sept. 23, 1969.

———◆———

Moise Berger, Maricopa County Atty., by Robert A. Hertzberg, and Michael E. Bradford, Deputy County Attys., for petitioner.

Edmond J. Brash, and Gerald A. Pollock, Phoenix, for respondents.

STEVENS, Judge.

After a Governor's hearing, the request of the State of California to extradite David Lester Scrivner to that State to stand trial for the offense of grand theft was granted. The Governor's warrant issued. Scrivner sought to test the proceedings leading up to the issuance of the Governor's warrant by a petition for a writ of habeas corpus filed in the Superior Court for Maricopa County. After the hearing the Respondent Judge denied Scrivner's request for a writ of habeas corpus. Scrivner promptly filed his notice of appeal. He sought his release pending appeal by utilizing the provisions of Criminal Rule 354, 17 A.R.S. This Rule authorizes the issuance of a certificate of probable cause and the release of the individual on bond pending appeal following a criminal conviction. A certificate of probable cause was issued, bond was fixed and Scrivner posted bond. This Court expresses no opinion as to the propriety of the use of this Rule in connection with an appeal from the denial of the writ of habeas corpus.

The petitioner believing that the Respondent Judge had exceeded his authority filed the petition for extraordinary relief now under consideration. The petition set forth the basic facts above recited. A hearing on the petition was scheduled pursuant to Arizona Supreme Court Rule 1, 17 A.R.S. The hearing was held as scheduled. The Respondent Judge was served and made no appearance. Scrivner appeared by his attorneys and filed a memorandum resisting the petition. Pursuant to Arizona Supreme Court Rule 1(d) the memorandum is considered as a motion only, not contesting the facts recited in the petition. Scrivner's failure to contest the facts recited in the petition will in no way affect the merits of his pending appeal.

We consider the fact situation and the law to be controlled by the case of Burr v. Frey, 2 Ariz.App. 238, 407 P.2d 779 (1965). We hold that there was no authority for the Respondent Judge to release Scrivner on

**560**

bail pending his appeal from the denial of his petition for a writ of habeas corpus.

The issuance of the mandate in connection with this opinion shall constitute a directive to the Respondent Judge to revoke the bail and to cause a warrant to issue for the arrest and confinement of Scrivner pending the determination of his habeas corpus appeal.

DONOFRIO, C. J., and CAMERON, J., concur.