**Prasan MEECHAICUM, Petitioner,**

v.

**James H. FOUNTAIN, Sheriff of Reno County, Kansas; and J. Stanley Hill, District Judge, 27th Judicial District, Respondents.**

No. 82–1328.

United States District Court,
D. Kansas.

April 29, 1982.

Robert L. Taylor, Hutchinson, Kan., for petitioner.

Dan Biles, Asst. Atty. Gen., State of Kan., Topeka, Kan., for respondents.

---

## MEMORANDUM & ORDER

SAFFELS, District Judge.

Petitioner, having paid the necessary fee, has filed with the Clerk of the Court this "complaint" seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, as well as a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2254. The action is properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the state's denial of release on bail pending extradition. Having examined the pleadings and all materials filed, and having heard oral argument of counsel for petitioner and for respondents, the Court makes the following findings and order.

The facts as alleged by petitioner are as follows. On or about March 5, 1982, petitioner was arrested and confined in the Reno County Jail under a state warrant charging burglary and theft issued on a criminal complaint out of Reno County, Kansas. During this confinement, a second criminal complaint was initiated against petitioner by Pratt County, Kansas, and extradition proceedings "were commenced" by the State of Texas on an alleged violation of probation imposed upon a burglary conviction in that state. Petitioner was granted bail on each of these matters and released on three surety bonds on or about April 8, 1982. On the following day, petitioner was re-arrested upon the execution of the Kansas' Governor's Warrant of Extradition, and has since been held without bail and has been denied bail.

Petitioner asserts that his detention without bail is unlawful in that it is in violation of "his constitutional right to bail afforded by reason of the Eighth and Fourteenth Amendments to the United States Constitution;" that he is being deprived of a liberty interest without due process of law as guaranteed by the Fifth and Fourteenth Amendments, in that the denial of bail was arbitrary and "without the application of a clear legal standard or rational basis;" and that he is being denied equal protection of the law.

The Court finds that state remedies have been fully exhausted on petitioner's claim of a denial of his federal constitutional right to bail, as the Kansas Supreme Court, on April 13, 1982, summarily denied, without opinion, petitioner's state petition for writ of habeas corpus based upon this claim.

 Petitioner contends that he has the same right to bail as a state criminal defendant under the Eighth Amendment made applicable to the states by the Fourteenth Amendment. Even if this Court accepted the theory that a person detained for purposes of interstate extradition has the same right to bail as any state pretrial detainee, which we do not, petitioner would be entitled to no relief. This is so because a state criminal defendant who is not subject to extradition proceedings has no absolute right to bail under the federal constitution. *Atkins v. People of State of Michigan*, 644 F.2d 543 (6th Cir. 1981); *Brown v. Wilmot*, 443 F.Supp. 118 (S.D.N.Y.1977), aff'd 572 F.2d 404 (2nd Cir. 1978). *See also, Little v. Ciuros*, 452 F.Supp. 388 (S.D.N.Y.1978). Contrary to petitioner's contentions, the current state of the law is that the Eighth Amendment, which prohibits excessive bail, contains nothing which prohibits the state from denying bail completely in appropriate cases. *See Carlson v. Landon*, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952). The Eighth Amendment guarantees only that if bail is set it will be no higher than is reasonably necessary to assure the accused's presence at trial. *See Sistrunk v. Lyons*, 646 F.2d 64 (3rd Cir. 1981). Therefore, the states have traditionally been free to define a range of offenses for or circumstances under which a criminal defendant is not entitled to bail, subject to due process constraints. *Id.; see also, Atkins v. People of State of Michigan, supra; Brown v. Wilmot, supra.* It follows that petitioner, having absolute federal constitutional right to bail, may only be entitled to federal habeas corpus relief upon a showing that state statutory or constitutional law provides a right to bail, and that its denial has somehow violated his right to due process or equal protection.

■ As noted in petitioner's supportive brief, Section 9 of the Bill of Rights of the Kansas Constitution provides in pertinent part:

"All persons shall be bailable by sufficient sureties except for capital offenses, where proof is evident or the presumption great. . . ."

It has long been held that such a constitutional provision of the asylum state does not apply to a person held in custody under an executive warrant of extradition. *Matter of Lucas*, 136 N.J.Super. 24, 343 A.2d 845 (1975); *In re Amundson*, 74 N.D. 83, 19 N.W.2d 918 (1945); *Waller v. Jordan*, 58 Ariz. 169, 118 P.2d 450, 452–3 (1941). Thus, petitioner would have to claim his right to bail, if any, under the state statutory law on extradition. *See, Application of Carden*, 291 Or. 515, 635 P.2d 341 (1981).

■ Both Kansas, the asylum state, and Texas, the demanding state, have adopted the Uniform Criminal Extradition Act, K.S.A. 22–2701, *et seq.*, Article 51.13, Vernon's Ann.C.C.P. Under K.S.A. 22–2716, the admission of an alleged fugitive to bail on a bailable offense is discretionary with the state judge prior to the arrest of the accused upon a Governor's Warrant. There is no provision in the Act for bail after the Governor's Warrant has been executed. It has long been the general rule that in the absence of a statute authorizing bail, a prisoner held under a Governor's Warrant of Extradition has no right to bail. *In re Amundson, supra; State v. Pritchett*, 12 Wash.App. 673, 530 P.2d 1348 (1975); *Balasco v. State*, 52 Ala.App. 99, 289 So.2d 666 (1974); *Grano v. Delaware*, 257 A.2d 768 (Del.1969); 56 A.L.R.2d 675, Extradition § 5; 31 Am.Jur.2d 943, Extradition § 27; *see also, Partin v. Jensen*, 203 Neb. 441, 279 N.W.2d 120 (1979); *State v. Sinacore*, 151 N.J.Super. 106, 376 A.2d 580 (1977). Courts have even overturned a grant of bail to a fugitive held on a Governor's Warrant on the basis that the Uniform Criminal Extradition Act prohibits admission to bail after the execution of the warrant. *See, e.g., Matter of Lucas, supra; State v. Jacobson*, 526 P.2d 784 (Ariz.App.1974); *Allen v. Wild*, 249 Iowa 255, 86 N.W.2d 839 (1957); *State v. Second Judicial District Court, County of Washoe*, 86 Nev. 531, 471 P.2d 224 (1970), *cert. denied* 401 U.S. 910, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971); *Deas v. Weinshienk*, 533 P.2d 496 (Colo.1975); cf., *Carino v. Watson*, 171 Conn. 366, 370 A.2d 950 (1976).

■ Petitioner presents no authority indicating that Kansas law is contrary to the majority rule. Rather, counsel for petitioner alleges that the Kansas courts relied upon the majority rule in the state proceedings during which petitioner's application for bail was denied. This Court has uncovered no Kansas case holding contrary to the majority rule. The Court concludes that petitioner has no right to bail under the Kansas version of the Uniform Criminal Extradition Act.

Petitioner relies heavily upon the relatively recent case of *West v. Janing*, 449 F.Supp. 548 (D.Neb.1978), as legal authority for his claim of a right to bail. This case appears to represent an emerging minority view. This Court will not mandate that the state of Kansas adhere to the newer minority rule. The state court's interpretation of its bail provisions in accordance with the established majority rule is binding upon this Court. *See Jenkins v. Harvey*, 634 F.2d 130 (4th Cir. 1980).

For the foregoing reasons, the Court finds that petitioner has made no showing that he has a federal constitutional right to bail under the facts of this case or to federal habeas corpus relief. The Court further finds that petitioner's claim in his supportive brief that he is entitled to release on bail by virtue of K.S.A. 60–1505 has not been adequately presented to the state courts, and is accordingly dismissed, without prejudice, for failure to exhaust state remedies. 28 U.S.C. § 2254(b).

IT IS BY THE COURT THEREFORE ORDERED that this action be dismissed and all relief denied; and that the Clerk of this Court transmit copies of this Memorandum and Order to petitioner, to counsel for petitioner, and to counsel for respondents.

IT IS SO ORDERED.